## LYNCH v. POE *et al.*

No. 6798.   Opinion Filed May 16, 1916.

(157 Pac. 907.)

**HABEAS CORPUS—Custody of Child—Right of Father.** In a contest between the father and the grandparents, in order to deprive the father of the custody of his child, it must be shown that his condition in life, or his character and habits, are such that provision for the child's ordinary comfort and contentment or for its intellectual and moral development cannot be reasonably expected at the parent's hands.

(Syllabus by the Court.)

*Error from District Court, Kiowa County;*
*James R. Tolbert, Judge.*

*Habeas corpus* proceeding by Thomas M. Lynch against O. C. Poe and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Jno. T. Hays* and *J. Garnett Hughes,* for plaintiff in error.

TURNER, J. This is an action for writ of *habeas corpus,* commenced in the district court of Kiowa county by Thomas M. Lynch against O. C. Poe and his wife. Lynch alleged in his petition that defendants illegally restrained of her liberty his daughter, Velma L. Lynch, a minor 11 years of age, and the object of the suit was to determine the right to her custody as between plaintiff and defendants. Upon return of the writ, the court heard evidence as to the issues joined, and held defendants to be entitled to the custody of the child as "agents" of its mother, and awarded her custody accordingly, to all of which plaintiff duly excepted, and brings the case here.

There is no dispute as to the facts. The evidence discloses that theretofore petitioner and his wife, Flora N. Lynch, had separated, he giving her $500 and the custody of Velma, their only child; that subsequently she obtained a divorce from him, and later was adjudged insane by the commissioners of insanity of Kiowa county, and committed to the state sanitarium for the insane at Norman, where she has since been confined. Before being so confined, she left Velma in the care of defendants, her father and mother, in whose custody the child has since remained. They have a family, and Velma has since been treated as a member thereof. At the time she first went to live with them, she was about eight years old, and was eleven at the time the petition was heard. The story of her life with her grandparents might be called

"the short and simple annals of the poor." They are renters, owning a span of mules, two cows, some pigs, and some chickens, but no crops of any kind, save some 13 or 14 acres of wheat at the time of the hearing, and she was "a grandame's child." Petitioner is a man worth some $35,000 or $30,000, and resides in Cedar Rapids, Iowa. Nothing was said, or perhaps could be, against his fitness to care for and properly rear the child. He has none other, so far as this record discloses. Under the circumstances, the grandparents must yield the custody of Velma to her father. The court misconceived the law, when he held that the wife, under the circumstances, could constitute her parents her agents for the purpose of retaining the custody of her child, to the exclusion of the father. *Zink v. Milner*, 39 Okla. 547, 135 Pac. 1; *Parker et al. v. Lewis*, 45 Okla. 807, 147 Pac. 310. This case is governed by the case of *Jamison v. Gilbert et ux.*, 38 Okla. 751, 135 Pac. 342, 47 L. R. A. (N. S.) 1133, where we held that, in order to deprive a father of the custody of his child, "it must be shown that his condition in life, or his character and habits, are such that provision for the child's ordinary comfort and contentment, or for its intellectual and moral development, cannot be reasonably expected at the parent's hands." Such is not attempted to be shown here.

For the reason the court erred in awarding the custody of Velma to defendants, the cause is reversed and remanded, with directions to award the custody according to the views herein expressed, and to place Velma in the custody of her father, Counsel for defendants in error have not favored us with a brief.

All the Justices concur.