## HAMANN v. MIESNER et ux.

No. 19558. Opinion Filed March 24, 1931.

McKeever, Moore & Elam, for plaintiff in error.

C. D. Roseman, for defendants in error.

CLARK, V. C. J. This cause presents error from the district court of Garfield county. This case involves the custody of Ethmer Hamann. Plaintiff in error filed in the district court of Garfield county his application for writ of habeas corpus, in which he alleged that Ethmer Hamann, age two years, was unlawfully restrained of her liberty at the home of defendants in error. The record discloses that plaintiff in error married the daughter of defendants in error. Of said marriage one child was born. A short time after the child was born the mother of the child realized that she could not live, and in the presence of plaintiff in error, her husband and father of the child, she asked her mother and father, defendants in error herein, to take said child and give it the same care and treatment that she had received. The father, plaintiff in error herein, consented to this arrangement, and the grandparents took said child while a small infant. In fact, the record discloses that the grandmother has cared for the child all its life except about one week. Plaintiff in error visited the child regularly for a short time after the death of his wife, but thereafter took no particular interest in said child. He did not furnish it any clothes or medical attention or do anything for its comfort or happiness.

Later, plaintiff in error married a young woman 19 years of age, and now seeks to regain custody of his child. There is no question as to the moral fitness of the grandparents to have the custody of this child, and there is no question of their financial ability to clothe and educate the child.

The defendants in error own two farms, with stock, tools, and implements necessary to operate the same. The record does not disclose how much, if any, property the plaintiff in error possesses. His moral fitness to have the custody of said child is not questioned.

It is not shown that the present wife of plaintiff in error would welcome the child into their home. The record does not disclose that the plaintiff in error, petitioner below, intended to take the child into his

home, or what he expected to do with it, if given its custody.

Attorneys for plaintiff in error apparently proceeded upon the theory that the evidence discloses that plaintiff in error is the father of the child and that was all that would be necessary. Neither the grandparents nor the child should be taken into consideration as to who should have the custody.

The judgment of the trial court denied the writ and left the child in the custody of its grandparents. The child is at this time about 5 years of age, and is still in the custody of the grandparents. The trial court saw the witnesses, heard the testimony, saw the child and was familiar with all the surrounding circumstances and was in a much better position to determine what was for the best interest of the child than this court. We cannot, by reviewing the cold record, adjudge the facts and circumstances as the trial judge, who had the parties before him.

Plaintiff in error cites the cases of Jamison v. Gilbert, 38 Okla. 751, 135 Pac. 342, Zink v. Milner, 39 Okla. 347, 135 Pac. 1, Lynch v. Poe, 53 Okla. 595, 157 Pac. 907, and Breckenridge v. Breckenridge, 103 Okla. 261, 229 Pac. 774. We are of the opinion that said cases are not controlling in the case at bar.

This court in the case of Morris v. Morris, 81 Okla. 222, 198 Pac. 70, held that the decree awarding the custody of the child to its mother's parents, having been made nearly four years ago, would not be reversed now and the custody awarded to the father. This court, being without knowledge as to what changes have since taken place, and having no knowledge as to what conditions exist at this time, will allow such decree to stand subject to such modifications as present conditions and the child's welfare may require.

Section 6584, C. O. S. 1921, provides as follows:

"In awarding the custody of a minor, or in appointing a general guardian, the court or judge is to be guided by the following considerations:

"First. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question.

"Second. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

Our Legislature has wisely provided that the custody of the child should be given by what appears to be for the best interest of the child in respect to its temporal, mental, and moral welfare. The mere fact that plaintiff in error is the father of the child does not give him custody of it under all circumstances. The law presumes that a parent is the proper person to have the care and custody of his minor child, and it is for the best interest of the child that those near and dear to it by ties of blood take care of it and give it the best opportunity to make a good citizen.

However, this presumption of the law has exceptions. Where a father has abandoned his child to strangers or near relatives, as in this case to the grandparents, and left its care and custody exclusively to them for a long period of time, ties of affection and love have grown up between the infant child and its grandparents. He does not come with the same rights as the man who has kept in touch with his child and constantly visited it. In so far as the child is concerned in the case at bar, the father comes almost as a stranger to the child. If the ties of blood and parenthood were not strong enough to cause him to take an interest in this helpless infant, to assist in its care, it may not be strong enough for him to give it the proper care and training if it were committed to his custody.

However, all these questions were questions of fact that were presented to the trial court. This trial having occurred three years ago, no doubt conditions have changed. The child is now about five years old. It was said by this court in Morris v. Morris, supra: "This court is without knowledge as to what changes have since taken place."

Defendants in error contend that the custody of the child was surrendered to them by agreement of both parents; that the father consented and acquiesced in the arrangement, and after the affection of both child and grandparents became engaged and a state of things has arisen which cannot be altered without risking the happiness of the child, the father wants to reclaim it. His parental right must yield to the rights of other parties acquired with his consent.

The weight of authority is that when a parent has, either by abandonment or contract, surrendered his present legal right to the custody of his child, in all controversies

52

subsequently arising respecting its custody, the matter of primary importance is the interest and welfare of the child. To this the right of the parent must yield. To this extent the state is interested, in that the better moral and mental training a child receives the better citizen it makes. A child is not in any sense like a horse or other chattel, subject-matter for absolute and irrevocable gift or contract. A parent's right to the custody of a child is not like the right of property, an absolute and uncontrollable right. It will never be enforced where its enforcement will obviously destroy the happiness and well-being of the child.

While a mere gift of a child is revocable, yet, if reclamation is sought by proceeding in habeas corpus, the courts will consider the welfare of the child in determining whether to sustain the right and award possession to the parent.

In this case the father has rights and the grandparents have rights, but the chief interest is that of the child. We do not feel justified in reversing the decree in the case at bar, but will permit it to stand subject to such changes as the child's best interest may demand, should further application be had.

LESTER, C. J., and RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY. JJ., concur. CULLISON, J., disqualified. HEFNER, J., absent.