## GARLIN v. GARLIN.

No. 21164. Opinion Filed Jan. 26, 1932.

Twyford & Smith and G. Lee Gibbs, for plaintiff in error.

PER CURIAM. This cause presents error from the district court of Creek county. On November 15, 1927, a judgment was entered in the district court of Creek county for divorce in favor of Goldie Garlin, and a further judgment and order was entered awarding the care and custody of Hamlin A. Garlin, a minor child of the parties, to its maternal grandparents, Mr. and Mrs. John Edgmond.

Goldie Garlin filed her action for divorce in the district court of Creek county, September 9, 1927, in which she charged plaintiff in error, defendant below, with extreme cruelty and gross neglect of duty toward plaintiff and said child and charged that during said year plaintiff in error took plaintiff below to the home of her mother in the state of Kansas and that while there plaintiff became ill and that defendant left plaintiff and their child in the state of Kansas at the home of plaintiff's mother without money or any means of medical attention and assigned no reasons for his going away.

There are other charges contained in the petition for divorce, but they are unnecessary to consider herein.

Defendant, plaintiff in error here, filed his answer and a reply was filed, later the answer was withdrawn, property settlement was made and judgment was entered, for divorce and disposing of the property, and the care and custody of Hamlin A. Garlin, age 5 years, was committed to Mr. and Mrs. John Edgmond, parents of the mother.

On the 23rd day of March, 1929, defendant filed a motion to modify the judgment and to award the child to its father, the defendant. The court deferred making an order on the motion to modify the judgment and in effect found that the mother was not a proper and fit person to have its custody. On the 10th day of August, 1929, defendant filed a motion to modify the judgment, praying for the care and custody of the child, alleging the same matters as set out in the former motion.

The court overruled said motion and left the child with Mr. and Mrs. John Edgmond of Columbia, Kan., with the privilege of plaintiff or defendant to visit the child at all reasonable times. Plaintiff in error filed a motion for a new trial, which was overruled, and perfected an appeal to this court.

Plaintiff in error, in compliance with the rules and orders of this court, on May 7, 1930, filed his brief herein; the defendant in error has wholly failed to file answer brief, pleading, or any other instrument in said cause on appeal, and has offered no excuse for her failure to do so. The general rule is that where plaintiff in error files his brief in compliance with the rules of this court, and defendant in error fails to file brief, the cause will be reversed in accordance with the prayer of petition in error. However, there are several exceptions to this rule; and this is one of the exceptions, for the reason that the child is the real party in interest herein; his rights cannot be disposed of in the same manner or in the sense like a horse or other chattel.

The Supreme Court of Kansas in the case of Chapsky v. Wood. 26 Kan. 650, in the second and third paragraphs of syllabus, said:

"2. A child is not in any sense like a horse or other chattel, subject-matter for absolute and irrevocable gift or contract.

"3. A parent's right to the custody of a child is not like the right of property, an absolute and uncontrollable right. It will never be enforced where its enforcement will obviously destroy the happiness and well-being of the child."

The Supreme Court of Arkansas, in the case of Coulter v. Sypert, 78 Ark. 193, said:

"While the custody of an infant is generally awarded to the father, as being its natural protector, the courts are not bound to deliver the infant into the custody of the father or of any other person, but will investigate all the circumstances, and act according to sound discretion, as the welfare of the child appears to require."

A careful examination of the record and brief of plaintiff in error discloses that the father is not an unfit person to have the care and custody of his minor child. The trial court in effect found the mother was not a fit person to have the care and custody of the minor child. The record also discloses that at the time the care and custody of this child was fixed by the court in the grandparents, and prior thereto, the father had left the child with its grandparents, withdrawn his answer in the cause and agreed that the court might fix the custody of the child in the grandparents; this the court did.

If the father, at the time, was not sufficiently interested in the welfare of his child

to make any claim for its care and custody or to assist the court in placing it in the proper custody, he should not now be heard to complain after the child has been left some four years with its grandparents, its affections permitted to grow up between it and its grandparents; all of these matters the court should take into consideration in determining the custody of this child.

In the case of Bishop v. Benear, 132 Okla. 116, 270 P. 569, in the second paragraph of the syllabus, this court said:

"When resolving the question what will best subserve the interest and happiness of a child, its own wishes and choice may be consulted and given weight, if it be of an age and capacity to form a rational judgment. The wishes of children of sufficient capacity should be given especial consideration when their parents have for a long time voluntarily allowed them to live in the family of another."

Awarding the care and custody of the child is in the sound discretion of the trial court, and will not be disturbed by this court on appeal unless the judgment of the trial court is clearly against the weight of the evidence. As it has been more than two years since this cause was heard in the district court, the ability and fitness of the parties may have changed and this court does not feel at this time that it should make an order permanently fixing the custody of this child; therefore the judgment of the trial court is and should be affirmed on condition that at any time plaintiff in error feels that it would be to the best interest of his child he may apply to the district court of Creek county to modify the orders heretofore made.

All the Justices concur.