## SMITH v. WILLIAMS et al.

No. 28094. April 26, 1938.

Lester E. Smith and Ames, Cochran, Monnet, Hayes & Ames, for plaintiff in error.

J. M. Huser, for defendant in error.

CORN, J. In January, 1933, while living in Texas, Bernice and T. J. Williams, a legally married couple, secured an infant girl child some two or three months old from the Texas Children's Home and Aid Society. The agreement was for them to keep the child for a six-months probation period, at the expiration of which they were to adopt her or return her to the "Home." After expiration of this period, they moved to Seminole, Okla., without having legally adopted the child.

July 29, 1936, Bernice Williams, hereinafter called the plaintiff, filed a divorce petition and therein sought custody of the in-

fant, Priscilla Doe, sometimes called Marjory Ann Williams. The husband, hereafter called the defendant, filed his answer, setting up that the child had not been legally adopted. Thereupon the Home filed a petition "amicus curiae" to intervene, alleging that there had been no adoption and asking return of the child to the Home.

Plaintiff then asked a restraining order to prevent either the defendant or the Home from taking the child from her, and this the court granted. Plaintiff answered the intervener by alleging the contract between the Home and the child's natural mother, by which the mother signed away custody of the child, was void. The court then appointed the plaintiff in error as guardian ad litem, and he adopted the plea in intervention of the "amicus curiae."

After hearing the evidence, the court granted the plaintiff her divorce and custody of the child, this being, in the court's opinion, to the best interests of the child, and all other parties were enjoined from interfering in any way.

The defendant, the plaintiff's former husband, is now deceased, and the Home does not appeal from the decree of the trial court, this appeal being perfected solely by the guardian ad litem as to that portion of the decree granting custody of the child to the plaintiff.

Shortly after the child's birth the natural mother signed away her rights to this infant. The right of the mother, under the circumstances in this case, to do this is recognized, and when she did this, the Home stood in loco parentis, as contended by the plaintiff in error, who now advances the argument that the plaintiff's custody of this infant was an outgrowth of this written agreement, and having violated the provisions of the agreement, she thereby forfeited the conditional right to custody of the child.

It must be noted at this point that if the Home was so vitally concerned with the welfare of this infant, it should certainly have exerted an effort to determine the whereabouts of the child during the three or more years intervening between the time the probation period was ended and when the plaintiff filed this action for divorce and custody of the child. In fact, the testimony of Clarissa Lehman, an employee of the Home, definitely indicated that the Home made only a passing effort to locate the whereabouts of the Williams family and the infant.

The plaintiff in error's argument is a claim of the plaintiff's legal and moral obligation to return this infant to the Home. This argument may as well be used in the reverse application, that is, the acquiescence of the Home in the plaintiff's custody for so long a time, without the exercise of at least reasonable measures to bring about her return, might well be said to bar the Home from claiming her at this late date.

Alleged inability of the plaintiff to provide for the child is argued by the plaintiff in error as grounds for reversal of the trial court's judgment. There was no showing that the plaintiff was not a fit person to have the child; rather, what evidence there was of this nature tended entirely to show her a proper and moral person. In the absence of a showing of unfitness to care for the child, there is no basis for saying that merely because the plaintiff is forced to seek employment and receives only a nominal remuneration for her labors, she is unable to provide for the child. The testimony in regard to this was that she had been providing for this baby and herself since separation from her husband.

In a case of this kind, the controlling question, of course, is always: What is to the best interest of the child? Such has been the rules of this court in the past. See Bishop v. Benear, 132 Okla. 116, 270 P. 569; Hamann v. Miesner et ux., 148 Okla. 50, 297 P. 252; Ex parte Lebsack, 168 Okla. 299, 32 P.2d 923. An examination of the cited cases, and others, conclusively shows the question of what is to the best interests of the child is always the paramount consideration, or, as often stated, it is the benefit and welfare of the child to which the court's attention ought principally to be directed.

We are not unmindful of the argument the plaintiff in error makes regarding the claim of the Home to the legal custody of this child. Neither are we unmindful of the undoubted result, should this court reverse the judgment of the trial court and send this infant girl back to the orphan home from which she was taken several years ago. To do this, when she is now past six years of age, snatching her away from the arms of the only mother she has ever known, and sending her back to the institution from whence she came, confused and heartbroken by the workings of a system she could never hope to understand, would be the height of inhumanity. Indeed, her baby charms having vanished, there would be slight hope of her being taken once again by someone

desiring to be a mother to her, and so she would necessarily have to spend her remaining years before majority as a public charge in that, or some other institution, therefore being deprived of what appears from the record as a real mother's love and protection.

In view of the facts and circumstances, we hold that the trial court, in considering what was best for the interests of the child, as was within his power to do, properly decreed the custody of this infant to the plaintiff.

Judgment affirmed.

BAYLESS. V. C. J., and GIBSON, HURST, and DAVISON, JJ., concur.