## Ex parte WALLACE.

No. 34940. Feb. 19, 1952.

*241 P. 2d 192.*

Melton, McElroy & Vaughn, Chickasha, for plaintiff in error.

Allen & Pain, Chickasha, for defendant in error.

JOHNSON, J. This is a proceeding in habeas corpus brought by Naomi Wallace to obtain custody of Bobby Joann Wallace, a female child of the age of thirteen years.

Petitioner is the grandmother of the child and respondent, Mildred Wallace, is her mother.

The trial court awarded custody of the child to respondent. Petitioner appeals and relies for reversal on the ground that the judgment is not supported by the evidence and is contrary to law.

Numerous witnesses testified in the case. They all agree that both petitioner and respondent are persons of good moral character and fit and proper persons to have the care and custody of the child and that the child would be properly cared for in the custody of either.

The record shows that respondent and her husband shortly after their marriage moved to the home of petitioner and that thereafter there was born as a result of the marriage two children, Bobby Joann, and Paula Rae, who is now seven years of age. Sometime in 1943 the husband of respondent left his family and went to California. Respondent and her two children continued to live in the home of petitioner until sometime in July of 1950 During this time respondent kept employed for the

greater part of the time. She worked at a laundry, at Kress' Store, and at other places where she could obtain work, and in this manner, with such contributions as her husband, then in California, made, she was financially able to support the children. On July 20, 1950, she, with her children, moved to Achille in Bryan county, Oklahoma, but at the request of Bobby Joann permitted her to return to the home of her grandparents.

On the 23rd day of October, 1950, respondent obtained a judgment in the district court of Bryan county granting her a divorce from her husband and awarding to her exclusive custody of her two minor children. She thereafter rented a house in Achille to which place she moved and obtained steady employment as a clerk in a grocery store. Shortly thereafter she obtained an order in the divorce proceeding directing petitioner herein to surrender possession of Bobby Joann to her. This proceeding was then brought by petitioner.

The evidence further shows that petitioner is 68 years of age; that her husband, grandfather of the child, is 77 years of age; they are both drawing Social Security payments and the grandfather is also drawing old age assistance; that by this income and such income as the father has been able to contribute she is financially able to care for and support the child. On the other hand, the evidence shows that respondent, mother of the child, has obtained steady employment and is earning a sufficient amount as to be likewise financially able to support her children.

The record further shows that the trial court at the trial asked the child with which of the parties she would prefer to live. She stated that she loved her grandparents as well as her mother but would prefer to remain in the custody of her grandparents; that they had a large house and she had a room of her own; that she is now attending public school in the city of Chickasha, Oklahoma, and is happy in her surroundings; that she would prefer to go to school there and live in the home of petitioner rather than move to a small town and live in a smaller house and go to a smaller school.

Counsel for petitioner in their brief argue that the trial court refused to give this evidence consideration. We do not agree. The record discloses that it gave this evidence serious consideration, but nevertheless reached the conclusion that custody of the child should be awarded to her mother. While the court made no finding as to the best interest of the child, it did find that the mother was a fit and proper person to have her control and custody.

Respondent is the mother of the child. She has not by abandonment or by any improper conduct on her part or by contract surrendered the right to its control and custody to petitioner. In these circumstances, the law will presume that she is a fit and proper person to have its care and custody and that the best interest of the child requires that custody be awarded her and this presumption will prevail until overcome by clear and convincing evidence showing that its best interest requires that custody be placed elsewhere. Potter v. Potter, 203 Okla. 236, 219 P. 2d 1011.

We have carefully considered and weighed the evidence and reach the conclusion that the best interest of the child will be subserved by awarding custody to respondent, her mother.

Judgment affirmed.

HALLEY, V. C. J. and CORN, GIBSON, and DAVISON, JJ., concur. O'NEAL, J., dissents.