RUSSELL v. RUSSELL.

No. 35303. Feb. 3, 1953.

*253 P. 2d 136.*

Claude V. Thompson, Ada, for plaintiff in error.

W. V. Stanfield, Ada, for defendant in error.

CORN, J. This is an appeal by Pauline Russell, now Peters, from an order of the trial court denying a motion to modify a decree awarding the custody of her two sons, Charles and Jack, ages eight and ten, to her former husband's father and mother.

She and her former husband were married in September, 1940. On the 9th day of August, 1943, she was granted a divorce from her husband.

We find incorporated in the divorce decree the following, to wit:

"The court further finds that by agreement of the parties, that the care and custody of said minor children, Charles Russell and Jack Russell, is hereby awarded to the plaintiff's mother and father, Mr. and Mrs. C. A. Russell, until the further order of this court, and that said children are not to be taken out of the jurisdiction of this court and that neither the plaintiff or the defendant are to change said custody without order of this court and without a hearing and opportunity to be heard by both parties and a right to present their side of the case to the court."

On the 11th day of May, 1951, Pauline Russell, now Peters, filed a motion to change custody of the children, in part, to wit:

" * * * The defendant is informed and believes that said children are now separated and no longer reside with Mr. and Mrs. C. A. Russell; that this Court has made no order authorizing such change; that she has remarried and has a fine home; that she and her present husband are capable and willing to provide a suitable home for said children, and that it is manifestly for the interest of said children that they be kept together; that the father of said children does not have their custody, seldom sees them and gives no supervision whatever; and that it is manifestly to the best interest for said children who are both boys, now of the ages of 8 and 10 years respectively, that defendant have their care and custody * * *".

The answer of C. A. Russell, Jr., to the said motion, in part, is as follows:

" * * * This respondent would further show to the court that the movant herein, when the youngest child was only six months of age, abandoned said child without proper food and clothing and that the sister of Mrs. C. A. Russell took said child and has had the physical custody of said child since that date, and did so have at the time of the decree of divorce was granted which the defendant herein well knew and has at all times since the entering of said decree knew. That the parents of the plaintiff, while they have had the legal custody of said child, being interested in the welfare of said child, have continued to permit the aunt of this plaintiff to keep said child at her home, all of which was known to the court at all times as well as to the plaintiff and defendant herein and that said child has been furnished with ample provisions, schooled, and attends Sunday School regularly and is perfectly contented. That he and his brother attend school at Allen, Oklahoma, together and are together regularly, living in the close proximity of each other, both children being in farm homes and are not upon the streets of some town at all times of the day or night * * *."

" * * * that neither of the children have known any other parents other than those with which they are now residing and it will be for the best interest of the said children that they remain in the only homes they have ever known. That said children have repeatedly stated that they do not want to go with either of their natural parents and if taken away will run away from them * * *".

The record reflects that after the hearing the court had a private talk

with the children in his chambers and returned to the courtroom and made the following order:

"By the Court: I think the best interests of the children would be to leave them where they are. They have made friends out there and they are old enough to know what they want to do. They have associations already formed and I think that it is for the best interests of the children that this motion to modify be denied, and that is the order of the Court."

It is shown by the evidence in this case that Pauline, their mother, has been married to Mr. Peters about three years; that she and her husband are both of good moral character, and are able and willing to support and educate the children and bring them up under proper supervision. However, the evidence further discloses that after they were married about a year she filed an action against him for a divorce because he did not want her to have custody of the children for the reason he was not financially able to provide for them, and later the action was dismissed.

The record also reflects that at the time of the divorce and agreement by the parties as to the custody of their minor children being placed in the father and mother of C. A. Russell, Jr., that Pauline Russell knew that their son Jack was in the physical custody of Mrs. C. A. Russell's sister and husband, B. A. Teeters, and had been ever since he was six months old, and was still in their custody at the time of the hearing on the motion.

The evidence of the respondent shows that the children have been properly taken care of, living in good homes on farms about one and one-half miles apart, and attending the same school.

It would serve no useful purpose to engage in a further discussion of the evidence.

The movant proceeds upon the theory that, under the law, a parent who is morally fit is entitled to the custody of her children and the court should not take into consideration what is the best interest of the children or the feelings of the grandparents who have cared for them from their infancy until they are old enough to know where they would rather stay. In Bishop v. Benear, 132 Okla. 116, 270 P. 569, we held:

"When resolving the question what will best subserve the interest and happiness of a child, its own wishes and choice may be consulted and given weight if it be of an age and capacity to form a rational judgment. The wishes of children of sufficient capacity should be given especial consideration when their parents have for a long time voluntarily allowed them to live in the family of another.

"Where a parent permits his minor children to live in the family of another, their grandparents, for many years until the children have formed other ties and a different direction has been given to their course of life, the courts may properly give weight to the condition of the children's present surroundings and all advantages which a continuance in those surroundings may reasonably be expected to give.

" 'In such cases three rights of interest are to be regarded: First, that of the parent; second, that of those who have for years discharged all the obligations of parents; and third and chiefly, that of the child.' "

In Gilcrease v. Gilcrease, 176 Okla. 237, 54 P. 2d 1056, we held:

"In the determination of the custody of a minor child the best interests of the child should be the paramount consideration of the court and where it does not appear that the trial court has abused its discretion, this court will not reverse the order of the trial court."

In Hamann v. Miesner et ux., 148 Okla. 50, 297 P. 252, we held:

"Parents are the natural guardians and are entitled to the custody of their minor children as well as chargeable with the obligation of their support. Where a father has given his infant child to her grandparents, who for two

44

years have given said child loving care and who are financially able and are of such moral character to give the child proper care and training, upon application to repossess himself of the child, the best interest of the child is the paramount question before the court, and this court will not disturb the judgment and decree of the trial court unless it is clearly against the weight of the evidence."

Under all the facts and circumstances of this case, we hold that the trial court did not err in denying the motion and leaving the custody of the children with Mr. and Mrs. C. A. Russell where the movant agreed for them to be placed back in 1943 when she was granted a divorce from the children's father.

Judgment affirmed.

DAVISON, ARNOLD, O'NEAL, and WILLIAMS, JJ., concur. HALLEY, C. J., JOHNSON, V.C.J., and WELCH and BLACKBIRD, JJ., dissent.