LONG v. McININCH et ux.

No. 35946.

Supreme Court of Oklahoma.

Dec. 15, 1953.

Dudley, Stamper & Dudley, Antlers, for plaintiff in error.

Lee Welch, Antlers, for defendants in error.

CORN, Justice.

Plaintiff brought this action seeking to secure custody of her 8 year old son, who had been in the custody of defendants, the maternal grandparents, all of his life.

Defendants' answer admitted petitioner was the child's mother, but alleged the father had deserted plaintiff prior to such child's birth; that they furnished a home and paid for her care and hospital expenses when he was born and thereafter had provided his entire care and support; plaintiff was unfit to have care and custody of this child by reason of emotional instability and moral irresponsibility; defendants were responsible citizens who had provided the child with a home, where he expressed a desire to remain, and that their continued custody would be to the child's best interests.

Plaintiff's testimony showed she married and left home in 1943, when 15 years of age, this child being born when plaintiff was 18. Plaintiff had divorced the child's father in the state of Michigan, and in that proceeding had been given custody and control of this child. Following his birth plaintiff married and divorced several times before marrying her present husband in 1950. Prior to her last marriage plaintiff, by her own admission, had led a rather wayward life. However, since her last marriage she had led an upright life, maintains a home and has become able to care for her child in proper surroundings, and her husband is anxious to have the child. Plaintiff agreed her parents had done well enough by her child but she desired to take him into her home. For some time prior thereto and at the time of the trial plaintiff had contributed to his support.

As respects defendants the evidence showed both were well advanced in years, and that they lived under very modest circumstances with only limited means. They were parents of several other children, one of whom they expected to look to for aid in case of necessity. Some years before the grandmother had been confined to a mental institution, and over the years her health had not been of the best. The grandfather apparently is a farm laborer of very limited earning capacity. Both testified concerning the plaintiff's general unfitness to have custody of the child, based upon her past conduct, and that they were able and desirous of retaining custody and giving him a proper home. There was corroborative testimony relative to plaintiff's general misconduct during her past life, as well as other evidence concerning defendants' having cared for the child and their general fitness to continue.

After hearing the evidence the trial court denied plaintiff's application for Writ of Habeas Corpus and order granting her the child's custody. After filing motion for new trial plaintiff filed a supplemental motion for new trial based upon the grounds of newly discovered evidence. Both such motions were overruled, and plaintiff has appealed from the trial court's adverse judgment.

The first proposition relied upon for reversal of the judgment is that there was no evidence to show her unfit to have custody of her child, in the absence of which the court should have granted her the custody. Plaintiff relies upon 10 O.S. 1951 § 5, which provides as follows:

"The father of a legitimate unmarried minor child is entitled to its custody, services and earnings; but he cannot transfer such custody or services to any other person, except the mother, without her written consent, unless she has deserted him, or is living separate from him by agreement. If the father be dead, or be unable, or refuse to take the custody, or has abandoned his family, the mother is entitled thereto."

The argument is to the effect that the statute, supra, gave the plaintiff the paramount right to her child, unless shown by positive evidence to be an unfit person. And, plaintiff forcefully points out the lack of any evidence to show that, since her marriage in 1950, she has lived in any manner otherwise than as a moral, upright individual. Plaintiff freely confessed her earlier moral transgressions, but testified to having changed her attitude and mode of living following her last marriage. There was no evidence to controvert this showing. Defendants' attitude, as shown by their testimony, was that plaintiff's past conduct had been such that it was unbelievable she could be sufficiently reformed to be a fit person to

have custody of her son. Under these circumstances it is plaintiff's claim that, absent positive evidence as to her unfitness, the statute gave her a paramount and superior right to care and custody.

Plaintiff's argument is essentially the same as that advanced in Taylor v. Taylor, 182 Okl. 11, 75 P.2d 1132. In that case the record affirmatively disclosed that the natural parent was of good moral character and sufficient financial responsibility, and no contention was made as to such parents' unfitness to have custody. In answering such argument and holding that the defendant, a sister-in-law, was entitled to retain custody of the minor child whom she had reared from earliest infancy (the child being past 6 years old at the time of trial) this court pointed out that this statute (then Sec. 1685, O.S. 1931) most properly was to be considered in connection with Sec. 1504, O.S. 1931, 30 O.S. 1951, § 11, as was done in Bishop v. Benear, 132 Okl. 116, 270 P. 569. Therein the rule was announced that the welfare of the child always is the chief consideration. And, for other cases to the same effect see Taylor v. Taylor, supra, 182 Okl. at page 12, 75 P.2d 1132.

Although this rule constitutes the oft repeated pronouncement of this court, attention is directed to the well considered discussion of the problem contained in the dissenting opinion of Welch, J. in Taylor v. Taylor, supra.

▆▆▆▆ We are of the opinion the applicable rule is that announced in paragraph 2 and 3 of the syllabus of the Taylor case, which states:

"The right of a parent to the custody of a minor child is of great importance in awarding its custody, but it is not an absolute right, and is qualified by considerations affecting the welfare of the child.

"In a habeas corpus action by a parent for the custody of his minor child three rights or interests are to be regarded: First, that of the child; second, that of the parent; third, that of those who have for years discharged all the obligations of parents."

To this same effect see Osburn v. Roberts, 197 Okl. 206, 169 P.2d 293; Potter v. Potter, 203 Okl. 236, 219 P.2d 1011.

The further contention is made that the trial court erred in overruling plaintiff's Supplemental Motion for New Trial. This contention is based upon the argument that this was a habeas corpus proceeding wherein the issues were raised at the time of trial; that she could not know defendants would not put in issue her character and unfitness to have the child's custody, and that this amounted to surprise in that being resident of California, she was left with no opportunity to adduce evidence as to the state of her character at the time. In her supplemental motion plaintiff offered depositions of numerous persons having knowledge of her character and general fitness, as well as that of herself and her husband as a family unit. The basis of the supplemental motion was the alleged impossibility of plaintiff producing and presenting such alleged new and material matter at the trial or, in effect, that this matter amounted to newly discovered evidence.

▆▆▆▆ The granting or refusal of a motion for new trial is peculiarly within the sound legal discretion of the trial court. Most recently in Bates v. Winkle, Okl. 254 P.2d 361, 362, we had under consideration the question of granting of new trial upon the ground of newly discovered evidence. Therein we enumerated the requisite elements, some or all of which necessarily must be present in order to provide the basis for granting of a new trial under 12 O.S. 1951 § 651(7). Without re-enumeration of those requisite elements, it is sufficient to observe that the evidence, tendered herein by affidavit, failed to meet the test laid down in the Winkle case, supra. Also see Manos v. Leche, 205 Okl. 213, 236 P.2d 693. For this reason we approve the trial court's action in overruling such motion, there being no showing of an abuse of discretion.

Judgment affirmed.

HALLEY, C. J., and ARNOLD, O'NEAL and WILLIAMS, JJ., concur.

WELCH and BLACKBIRD, JJ., dissent.