Jarvis Douglas JOHNSON, Sr., Plaintiff,

v.

Carolyn JOHNSON (now Bolin), Defendant.

Carolyn JOHNSON (now Bolin), Appellant,

v.

Naomi and McDonald JOHNSON, Appellees.

No. 58358.

Supreme Court of Oklahoma.

May 1, 1984.

Rehearing Denied June 6, 1984.

---

Robert M. Beck, Jones, White & Beck, Oklahoma City, for appellant.

James A. Mitchell, Oklahoma City, for appellees.

LAVENDER, Justice:

By judgment entered on the 19th day of October, 1977, the marriage between Jarvis Douglas Johnson, Sr. (not a party to this appeal) and Carolyn Johnson (now Bolin), Appellant and natural mother of the children of the marriage (mother), was terminated. The children of the marriage, Debby Eloise Johnson, then approximately six years of age, Jarvis Douglas Johnson, Jr., approximately five years of age, and Travis Douglas Johnson, approximately nineteen months old were placed in the "permanent care and custody" of Naomi Johnson, paternal grandmother of the children and one of the Appellees. The father of the children was given rights of visitation with the children and the mother given weekend visitation from 5:00 p.m. Friday to 4:00 p.m. Sunday.

On October 27, 1981, the mother filed a Motion to Modify seeking custody of the children because of a change in her condition. On December 30, 1981, Naomi (paternal grandmother) and McDonald Johnson (paternal grandfather and Appellee) filed a Motion to Modify seeking further limitation upon the mother's visitation rights.

After trial to the court, the district court on the 9th day of March, 1982 entered a judgment finding and determining, in part:

"1. That defendant's (mother's) Motion to Modify should be and is hereby overruled; that the Court makes no finding of unfitness on the part of the defendant, but finds that it is in the best interests of the minor children of the marriage that they remain in the legal custody of the paternal grandparents, all pursuant to the Decree of Divorce herein.

"2. That the paternal grandparents' Motion to Modify with regard to child support should be and is hereby sustained; that defendant is ordered to pay to the grandparents the sum of fifty dollars ($50.00) per month per child as and for support, said payments to begin on the 1st day of April, 1982.

\*     \*     \*     \*     \*     \*

"4. That the paternal grandparents' Motion to Modify visitation should be and is hereby overruled; and that visitation with the minor children should remain pursuant to the terms set forth in the Decree of Divorce."

The mother appeals. The Court of Appeals Affirmed. We granted certiorari. The opinion of the Court of Appeals is withdrawn.

In the case of *Richard Grover v. Phillips*, Okl., 681 P.2d 81 (1984), decided on this date, we considered the preferential right of a natural parent to the custody of his child as against those of a grandparent. We there held that parental custody rights are fundamental rights protected by the federal and state constitutions, whereas grandparental custody rights are limited to those conferred by statute. The overriding consideration is the best interests of the child. We further held in *Grover*, supra, that where both the parent and grandparent demonstrate that the home of each is a fit and proper home in which to raise the minor child, the preference accorded by law to the natural parent to the custody of his or her child determines that the best interests of the child will be served by awarding custody to the natural parent.

*Grover*, supra, is however, distinguishable from the case at bar in several respects:

1. *Grover* was a *habeas corpus* proceeding brought by a surviving non-

custodial parent against the grandparents who were caring for the child following the death of the custodial parent. In the case at bar, the mother sought custody of her children by a motion to modify a divorce decree which decree had awarded custody to a grandparent more than four years prior to the filing of the motion to modify, on the basis of a change in the mother's condition.

2. The divorce decree award of child custody to the grandparent in the case at bar was entered as a result of an agreement thereto by both parents of the children and the grandparent.

3. In *Grover*, no court decree determination of custody rights had been made prior to the *habeas corpus* proceeding. In the case at bar, the district court had previously entered a decree awarding custody of the children to the maternal grandmother.

The case of *Potter v. Potter*, 203 Okl. 236, 219 P.2d 1011 (1950) is a case factually similar to the case at bar. There, as here, custody of minor children was transferred to their grandparents by parental acquiescence resulting in court decree award of custody to the grandparents in the divorce proceedings. Approximately one year later, the father filed a motion to modify the custody order seeking to regain custody because of a change in conditions. The mother and custodial grandparents sought restoration of custody to the mother or affirmance of the previous custody award.

In *Potter*, this court gave full recognition to the parental preferential right of custody of the children as followed and reaffirmed in *Grover*, supra. But we further said (1014): "The weight of authority is that when a parent has, either by abandonment or contract, surrendered his present legal right to the custody of his child, in all controversies subsequently arising respecting its custody, the matter of primary importance is the interest and welfare of the child. To this the right of the parent must yield." (Citations omitted).

In *Gibbons v. Gibbons*, Okl., 442 P.2d 482, (485) (1968), we gave recognition to and followed the following basic rules where a parent seeks a court decreed custody change: the burden of proof is upon the person seeking a change in the court decreed child custody to make it appear: "(a) that, since the making of the order sought to be modified, there has been a permanent, substantial and material change of conditions which directly affect the best interests of the minor child, and (b) that, as a result of such change in conditions, the minor child would be substantially better off, with respect to its temporal and its mental and moral welfare, if the requested change in custody be ordered."

In *Carpenter v. Carpenter*, Okl., 645 P.2d 476 (480) (1982), we said: "While an appellate court may and will examine and weigh the evidence, the findings and decree of the trial court cannot be disturbed unless found to be against the clear weight of the evidence."

In the case before us, the mother was destitute, unemployed and living with a brother with no financial or home resources with which to care for her children at the time of the divorce decree. During the approximately four years intervening between the granting of the divorce and the filing of the motion to modify, she has remarried to a man who is gainfully employed; she is also gainfully employed; she and her husband have established a suitable home; and she and her husband have maintained a relationship with the children under her visitation rights established by the divorce decree. Thus she had demonstrated a change in *her* condition since the entry of the previous custody order, i.e., her fitness to be a custodial parent.

Under the record before us, the mother has wholly failed to meet her additional burden, that the change in conditions directly affect the best interests of the children, and that as a result of such change in conditions, the children would be substantially better off with respect to their temporal, mental and moral welfare if the requested change in custody be ordered.

The record is devoid of any showing that the custodial grandparents are unfit, that they have not furnished a proper home and family atmosphere, or that the welfare of the children would be better served by removing them from the home and family where they have resided for approximately four years.

The action of the trial court is not clearly against the weight of the evidence.

The judgment of the trial court is affirmed.

SIMMS, V.C.J., and HARGRAVE, OPALA and KAUGER, JJ., concur.

HODGES and WILSON, JJ., concur in result.

BARNES, C.J., and DOOLIN, J., dissent.