**In the Matter of the Application of Richard GROVER for Writ of Habeas Corpus.**

**Richard GROVER, Appellant,**

**v.**

**Harold PHILLIPS and Erma Jean Phillips, Appellees.**

**No. 57800.**

Supreme Court of Oklahoma.

May 1, 1984.

Ted Pasley, Ardmore, for appellant.

Merlaine A. Lang, Ardmore, for appellees.

LAVENDER, Justice:

Richard Grover appeals the trial court's discharge of a Writ of Habeas Corpus and denial of his Petition to gain custody of his daughter, Angela Dawn Grover, from Harold and Irma Jean Phillips, the child's maternal grandparents. Richard was divorced from the Phillipses' daughter, Brenda, August 14, 1978. Brenda was given custody of Angela Dawn.

Brenda and Angela began living with Mr. and Mrs. Phillips in February, 1979. After Brenda's death on May 12, 1979, Angela continued to live with her grandparents. Mr. and Mrs. Phillips were named Angela's legal guardians. On May 6, 1981, the Phillipses filed a petition to adopt Angela.

Richard lost contact with Brenda and Angela shortly after the divorce. Richard was notified of Brenda's death in 1981 when Mr. and Mrs. Phillips notified him of their petition to adopt his daughter. Richard refused to consent to the adoption. Instead, Richard filed this action and a Writ of Habeas Corpus was issued.

Extensive testimony was offered by the parties during bench trial. Home studies indicated that either home would be suitable for Angela.

In denying Richard's Petition for Writ of Habeas Corpus, the trial judge observed:

"The Court is of the opinion that the law which applies to the facts of this case is that when each party can provide a stable loving home environment conducive to raising a child to be a self-sufficient, law-abiding and productive member of society, the law favors the natural parent over another unless there are over-riding factors both clear and convincing to the Court.

"As a fact, the Court finds that the home which can be provided by petitioner[s] (Richard) is a fit and proper home in which to raise the child; that the home which can be provided by the respondents (Phillipses) is a fit and proper home in which to raise the child. Consequently, as I analyze this case—and I know that sounds scientific, and it is not—it boils down to whether or not there are other factors present which outweigh the preference of the law for a natural parent. It is my opinion after reviewing the evidence and interviewing the child that the answer to that question is yes, and that it is, consequently, in the best interests of the child that she remain with the respondents and the Petition for Writ of Habeas Corpus is denied."

The trial court overruled Richard's Motion for New Trial. Richard appealed. The Court of Appeals, Division 3, affirmed. This Court granted certiorari.

In *Gibson v. Dorris*, Okl., 386 P.2d 186 (1963), this Court held:

"To justify the courts in depriving parents of the care and custody of their own children, the parents special unfitness must be shown by evidence that is clear and conclusive and sufficient to make it appear that the necessity for doing so is imperative. Ordinarily and generally, it must be established that their condition in life, character and habits are such that provision for the childrens' ordinary comfort, their intellectual and moral development cannot reasonably be expected at their hands. (Citations omitted).

\*       \*       \*       \*       \*       \*

"The awarding of the care and custody of minor children in a habeas corpus proceeding is within the sound discretion of the trial court and this court will not disturb the judgment on appeal, unless it is clearly against the weight of the evidence. (Citations omitted).

See also *Ingles v. Hodges*, Okl., 562 P.2d 845 (1977).

In a minor child custody contest between a grandparent and a natural parent, *Gib-*

*son,* supra, further holds three rights or interests are to be regarded: "First, that of the child; second, that of the parent; third, that of those who have for years discharged all the obligations of parents."

This Court has consistently held that the right of a parent to the care, custody, companionship and management of his or her child is a fundamental right protected by the federal and state constitutions. *Matter of Adoption of Darren Todd H.,* Okl., 615 P.2d 287 (1980); *J.V. v. State, Department of Institutions, Social and Rehabilitative Services,* Okl., 572 P.2d 1283 (1977); *Alford v. Thomas,* Okl., 316 P.2d 188 (1957); *Bishop v. Benear,* 132 Okl. 116, 270 P. 569 (1928).

■ In recognizing and giving full effect to the tenured right of a natural parent to the custody of his or her natural child, the overriding consideration is the best interests of the child. *Turley v. Turley,* Okl., 638 P.2d 469 (1981); *Ingles v. Hodges,* supra; *Hood v. Adams,* Okl., 396 P.2d 483 (1964). This rule applies even in cases where the parent having legal custody dies and the surviving parent succeeds to prior custodial rights as a matter of law. *Id.*

In *Ingles v. Hodges,* supra, this Court further held (p. 846):

"However to deprive a parent of the custody of his children in favor of a third person, the parent must affirmatively, not comparatively shown to be unfit."

■ Grandparents have no constitutional right to custody of or visitation with their grandchildren. Such rights are limited to those conferred by statute. *Matter of K.S.,* Okl., 654 P.2d 1050 (1982); *Leake v. Grissom,* Okl., 614 P.2d 1107 (1980).

We next consider whether such statutory rights have been conferred to the avail of the Phillipses in the case at bar.

By amendment in 1975, the following language was added to 10 O.S.1971, § 5:

"When one or both parents are deceased or if they are divorced, any grandparent, who is the parent of the child's deceased or divorced parent, shall have reasonable rights of *visitation* to the child, when it is in the best interests of the child." (Emphasis added)

In both *Leake v. Grissom,* supra, and in *Matter of K.S.,* supra, this Court declined to extend by judicial construction the quoted language beyond that contained within the clear meaning of the statute. *Visitation* is not an issue here. It is *custody* that is the issue before the court.

Effective April 24, 1981, the legislature enacted 10 O.S.1981, § 5.1 which provides:

"The question of custody of a minor child upon the death of the custodial parent shall always be based upon what is in the best interests of the minor child."

Section 5.1 is no more than a reaffirmation of Oklahoma case law wherein this Court has consistently and repeatedly held that the overriding consideration in child custody matters is the best interests of the minor child.

■ We have carefully reviewed the record. The finding of the trial court that Richard's home is a fit and proper home in which to raise the minor child is not clearly against the weight of the evidence. While the record is silent concerning any expressed preference by the child in the *en camera* interview of the child by the trial judge, the whims, wants, and desires of the child was held not to be decisive under circumstances similar to this case. *Hollick v. McDaniel,* Okl., 401 P.2d 466 (1965).

Having determined that the natural father's home is a fit and proper home in which to raise the minor child, the preference accorded by law to the natural parent to the custody of his or her child determines that the best interests of the child will be served by awarding custody to the natural parent.

Our views herein expressed should not be taken to prohibit the grandparents from proceeding to obtain reasonable rights of visitation to the child provided for in 10 O.S.1981, § 5, supra.

Effective July 1, 1983 and subsequent to the entry of the order by the trial court

discharging Petitioner's Writ of Habeas Corpus and denying his petition for custody, the Oklahoma Legislature enacted 10 O.S.1983 Supp. § 21.1, which is footnoted below.[1]

The judgment of the trial court is reversed and custody of the minor child is awarded to Richard, her natural father.

SIMMS, V.C.J., and DOOLIN, HARGRAVE and KAUGER, JJ., concur.

WILSON, J., concurs in result.

OPALA, J., concurs in judgment only.

BARNES, C.J., and HODGES, J., dissent.

---

1. "§ 21.1.  A.  Custody should be awarded or a guardian appointed in the following order of preference according to the best interests of the child:

    1.  To a parent or to both parents jointly;

    2.  To a grandparent;

    3.  To a person who was indicated by the wishes of a deceased parent;

    4.  To a relative of either parent;

    5.  To the person in whose home the child has been living in a wholesome and stable environment; or

    6.  To any other person deemed by the court to be suitable and able to provide adequate and proper care and guidance for the child.

B.,  The court may consider the preference of the child in awarding custody of said child if the child is of sufficient age to form an intelligent preference."