CLARK v. GREENING.

No. 32180. June 18, 1946.

*170 P. 2d 223.*

Herbert K. Hyde and Lee Williams, both of Oklahoma City, for plaintiff in error.

Williams & Benedum and Person E. Woodall, all of Norman, and John J. Carney, of Oklahoma City, for defendant in error.

PER CURIAM. This is a habeas corpus proceeding brought by petitioner, Mrs. Maude Greening, to obtain the custody of a minor child, Lula May Clark, the daughter of the respondent, Charley Clark. Judgment was for the petitioner for the permanent custody of the child, and respondent appeals.

The record discloses that the respondent married the daughter of petitioner. The mother of the child died December 25, 1942. A few days after her death respondent left the child with petitioner. Thereafter he obtained the custody of the child for a temporary visit and without disclosing his intention to retain her permanent custody. When petitioner made a demand upon respondent for the return of the child, respondent stated that it was his wish and intention that the child remain with him. Petitioner thereupon filed this action. The court found that petitioner was a proper custodian for the child and that in the opinion of the court it was for the best interest of the child that she be in the permanent custody of petitioner, and entered judgment accordingly. Respondent appeals.

A short time prior to the filing of this proceeding respondent remarried and now maintains a home with his present wife. He has a job with a wholesale grocery company in Oklahoma City. The testimony of petitioner is that at the time he left the child with her, subsequent to the death of her daughter, respondent stated that he was permanently relinquishing custody of the

child to her. Respondent denies this testimony or that he intended for the petitioner to have more than temporary control of her.

The petitioner introduced testimony to the effect that respondent had been married five times and that two of his wives had died and two were divorced. There is some testimony reflecting upon the character and fitness of the present wife to properly care for the child, and there is evidence that respondent had a son by a former wife and that he had not supported nor contributed to the support of the son. The child had lived with petitioner for about 22 months prior to the time respondent took the child from petitioner, and no question is raised as to the care which petitioner gave the child during that time. Petitioner owns considerable property in Oklahoma City, from which she derives an income of about $600 per month, and she is financially able to support, educate, and properly care for the child, and deserves to be permitted to do so. No attack is made upon the character of petitioner.

The trial court was not asked to make findings of fact, but at the conclusion of the evidence he dictated a statement into the record as to his reasons for entering judgment for petitioner. He did not make a specific finding that the respondent and his wife were unfit persons to have the custody of the child, but he did make a finding that it would be for the best interests of the child for her to remain with her grandmother.

In the recent case of Osborn v. Roberts, 197 Okla. 206, 169 P. 2d 293, we had occasion to deal with a similar state of facts, and we there stated the rules by which such cases are to be governed, and pointed out that each case must be determined from its own peculiar facts and circumstances, and that since the trial court is in much better position to observe the parties and the witnesses than is this court, the finding of the trial court will not be disturbed unless it is clearly against the weight of the evidence or is contrary to law. When these rules are applied in the facts of the instant case, we are unable to say that the best interests of the child will not be served by leaving her with her grandmother, and we cannot say that the judgment of the trial court is clearly against the weight of the evidence.

Judgment affirmed.

HURST, V.C.J., and OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur. RILEY and WELCH, JJ., dissent.

---

RILEY, J. (dissenting). Children are not like chattels, subject to barter, sale, or irrevocable gift.

The statute providing habeas corpus shall be applicable to determine the custody of children, does not specifically authorize a grandparent to maintain such proceedings. The writ, by statute, is made available to secure a parent's right of child custody. 12 O.S. 1941 § 1354.

It is believed that in addition to statute a grandparent should not prevail in this character of proceedings, at least until the magistrate authorized to issue the writ finds the parent to be an unfit person to possess that with which nature invested him or her. An equivalent of such a finding is that the child is either abandoned or neglected and so, in a sense, a nullius filius known to the common law. Otherwise, every tub will stand on its own bottom, and courts, without a rule to guide them, will have a multiplicity of cases.

I am authorized to say Mr. Justice WELCH concurs in these views.