## Ex parte JONES.

No. 33773.   May 2, 1950.

*217 P. 2d 1024.*

Chas. G. Ozmun, of Lawton, for petitioner.

Logan, Cummins & Oerke, of Lawton, for respondents.

GIBSON, J. The petitioner, Rufus Jones, and respondent, Freeda Mae Pogue, formerly Jones, were husband and wife and of the marriage there was born to them on August 1, 1937, a son Terry Lynn Jones, now a minor and the subject of this proceeding.

On January 19, 1940, the respondent, then Freeda Mae Jones, was awarded a divorce and the care and custody of said minor child. The petitioner, Rufus Jones, as defendant, waived the issuance and service of process, consented that the case be set for hearing at the convenience of the court and did not further appear, plead or contest the granting of the decree. Upon hearing the court awarded the plaintiff a divorce and the care and custody of the child, then in the custody of the plaintiff, and enjoined defendant from interfering therewith.

As ground of the divorce the decree found that the defendant had been guilty of gross neglect of duty and cruelty. Thereafter Freeda Mae Jones and Earl W. Pogue, one of the respondents herein, were married, and thereafter, on September 16, 1943, upon proceeding in the county court of Comanche county, Oklahoma, they, Earl W. Pogue and Freeda Mae Pogue, were awarded a decree of adoption of Terry Lynn Jones, wherein the name of the latter was changed to Terry Lynn Pogue. Thereafter the said minor continued to reside in the home of the adoptive parents wherein he was recognized by each of said adoptive parents as their child and he had been and was being cared for by them when the present action was instituted on June 1, 1948.

In the petition for the writ of habeas corpus there is no allegation that the adoptive parents are not fit or suitable persons to have the care and custody of the child, nor is there alleged any neglect of duty to the child upon the part of the adoptive parents or either of them. The grounds upon which the custody is sought are that petitioner is a fit and proper person to have the custody and as father of the child is entitled thereto; that he was being unlawfully deprived of such custody and he questions the legality of the proceeding resulting in the adoption. It is not contended nor does it appear that the right of the child as an adopted child is either impaired or imperiled by the matters alleged,

and therefore they appertain solely to his right, as natural father, to the custody against that of the mother and her husband who claims as adoptive father.

In its decree the trial court did not undertake to decide the issues of law raised over the adoption proceeding and it is apparent that, in denying the writ, the court was actuated by what was considered the welfare and best interest of the child.

In view of what has been said it is clear that the case is resolved into an issue between divorced parents over the custody of their child. In Ex parte Miller, 201 Okla. 499, 207 P. 2d 290, where a like issue was involved, we held:

"The welfare of a minor child is the paramount consideration, and the circumstances pertaining to its custody may always be inquired into by a court of competent jurisdiction, and any order relating thereto may be made whenever the child's best interests so demand."

And in Clark v. Greening, 197 Okla. 277, 170 P. 2d 223, we held that in such situation the finding of the trial court will not be disturbed unless it is clearly against the weight of the evidence or is contrary to law.

We have examined the evidence and find that the judgment of the trial court is not against the weight of the evidence.

Judgment affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and CORN, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.