CURRIN v. CHADWICK et ux.

No. 34541.    Feb. 26, 1952.

Rehearing Denied March 11, 1952.

*241 P. 2d 947.*

Bruce & Rowan, Oklahoma City, for plaintiff in error.

Merle G. Smith, Guthrie, for defendants in error.

PER CURIAM.    Plaintiff in error, hereafter called the plaintiff, brought this action in the district court of Logan county, Oklahoma, to recover the custody of her infant daughter, Joe Ann Currin, from the defendants in error, hereafter called the defendants.    The defendants filed their answer, admitting they had custody of said child, and further stating that shortly after the birth of said child the plaintiff had given the infant to a Mrs. Johnson to adopt, or turn to suitable parties for adoption.    The defendants in their answer detail the care and attention they have given said child, and emphasize their love and affection for said infant, and pray that they be permitted to retain the custody of said child.

The facts in this case, as disclosed by the evidence, show that the plaintiff is the mother of Joe Ann Currin, but that plaintiff's husband is not the child's father; that plaintiff's husband has been mentally ill for several years, and that said parties did not live together. The father of the child is not disclosed, and for the purpose of this hearing his identity is not necessary.

There is no dispute but that at the time of the birth of this child, the plaintiff was in extremely poor health. Plaintiff had been advised that she had a tumor, and there is conflict in the evidence as to whether she realized, or not, that she was pregnant. Plaintiff was operated upon for removal of the tumor, and at said time the child was also delivered. This birth occurred at the University Hospital in Oklahoma City, on July 11, 1947. Apparently, on the same day the attending physician called a friend of his and told her she could have this baby, and she immediately called and obtained the infant. A week or two later this friend of the attending physician reported to the nurse at the hospital that she did not care to keep the child. Whereupon, the nurse called the defendants and advised them that they could have this baby. Immediately upon being so advised the defendants went to Oklahoma City and got the child, and have ever since had the baby in their possession.

The evidence disclosed that the plaintiff slowly recovered from her illness, and when her health and strength permitted began her efforts to recover her child. Being unable to obtain the child from the defendants, the plaintiff employed an attorney and filed this action.

This court has stated many times that the welfare of the child is the paramount consideration to be considered. It is well to consider the love and affection of the foster parents, as that sheds light on what might be expected in the future, but the court cannot give consideration to the fact that the foster parents will grieve and be sad over the fact that said child is returned to her natural mother. There is a great deal of evidence in this case showing the love of these defendants for said child, and how they will suffer if they lose the custody of said child. This grief and anguish on the part of the foster parents who have learned to love this child is regrettable, but cannot become a controlling factor in this kind of case.

In a proceeding of this kind the findings and judgment of the trial court are entitled to great weight, and will not be overturned unless clearly against the weight of the evidence, or contrary to law. Clark v. Greening, 197 Okla. 277, 170 P. 2d 223; Ex parte Jones, 203 Okla. 30, 217 P. 2d 1024.

In this case we feel that the judgment is clearly contrary to the weight of the evidence. This is not a case where the custody of a parent has been taken away by the courts, and the parent is attempting to recover the child under a claim of changed conditions. This plaintiff has never mistreated this child or neglected the child, or failed to do her duty to this child, because she has never had her child. Neither has this plaintiff at any time executed any written agreements consenting to the adopting of this child by third persons. There is evidence that plaintiff informed the attending physician on the day the child was born that he could give the child away, but we feel that as a result of plaintiff's physical condition at that time that she was not able to make any intelligent decision on such an important matter as giving away her baby. The taking of a child from its mother is a serious matter, and cannot be sustained when done under the circumstances existing in this case.

It is undisputed that the defendants are high class, respectable people, and are not in any way disqualified or unfit to have the care and custody of this child. It is evident that the defendants love this child and would give it a good home, and it is regrettable

that they must be made to suffer in this case. However, it is evident to this court that the mother of this child also loves her daughter, and we believe that unless she is disqualified for some reason that she has prior right to the custody of said infant, and that it is best for said infant to be with her mother. In Morris v. Morris, 81 Okla. 222, 198 P. 70, quoted with approval in the recent case of Lewis v. Sisney, 205 Okla. 599, 239 P. 2d 787, we said:

"Parental affection is a child's richest heritage, it is nature's shield against harm to the child, and should be strongly weighed before its happiness and the molding of its life and character be consigned to others."

This holding is cited with approval also in Jackson v. Jackson, 200 Okla. 333, 193 P. 2d 561, and in Neet v. Neet, 198 Okla. 386, 179 P. 2d 120, wherein this court also reversed the judgment of the trial court denying the mother the care and custody of her minor daughter.

To justify denying this plaintiff the custody of her child, there must be shown some unfitness on her part that would make it better for the child to remain with the defendants. This requirement is not met by showing a comparative unfitness. The mother's unfitness must be positive. The fact that strangers might have more money, better home, or finer clothes will not suffice. The evidence must show that her condition in life, or her character and habits are such that provision for the child's ordinary comfort and contentment, or her intellectual and moral development, cannot be reasonably expected at the mother's hand. This is the established law of this state:

"Unfitness which will deprive parent of right to custody of minor child must be positive and not comparative, and fact that minor child might be better cared for by third person does not deprive parent of right to custody.

"To establish unfitness of parent to custody of minor child it is insufficient to show that parent has some faults of character or bad habits, but it must be shown that provision for child's ordinary comfort or intellectual and moral development cannot reasonably be expected at parent's hands." Sherrick v. Butler, 175 Okla. 538, 53 P. 2d 1097.

For other decisions so holding, see Breckenridge v. Breckenridge, 103 Okla. 261, 229 P. 774; Taylor v. Taylor, 182 Okla. 11, 75 P. 2d 1132; In re Guardianship of Hight, 194 Okla. 214, 148 P. 2d 475, and Goertzen v. Goertzen, 194 Okla. 207, 148 P. 2d 982.

In a proceeding involving the custody of a minor child this court will carefully review the entire record, and in event the judgment is contrary to the weight of the evidence, or contrary to law, will reverse the judgment of the trial court, and direct the entry of a judgment in keeping with the weight of the evidence and of the law.

The judgment of the trial court is reversed, and the cause is remanded, with directions to grant the writ and award the custody of the said Joe Ann Currin to her mother, the plaintiff in error.

This court acknowledges the services of Attorneys Fred Martin and Chas. G. Watts, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.