## HOUSE v. HOUSE et ux.

No. 35386.  Oct. 14, 1952.

*249 P. 2d 113.*

Steele & Boatman, Okmulgee, for plaintiff in error.

B. F. Moak, Okmulgee, for defendants in error.

HALLEY, V.C.J. Ralph D. House and Willene House are the parents of Claudia Faye House, and Clytie House is the wife of Elmer L. House, an uncle of Ralph D. House. In 1949, Ralph D. House and Willene House were living in Denver, Colorado, and on August 12, 1949, Claudia Faye House was born in a hospital in Denver. She was the fourth child of her parents. Elmer L. House was attending school at Colorado Teachers' College at Greeley and went to visit his nephew, and learned that Willene House was in the hospital expecting a baby and that she was in a very nervous condition and that the plaintiffs were considering placing the

child in a Catholic home for a year. Elmer L. House and his wife, Clytie House, had no children of their own, and he told his nephew that if his wife would agree, he would be glad to take the child and keep it. After the child was born, Ralph D. House talked with his wife about letting his uncle have the baby. At no time did the mother of the child agree that the uncle and his wife might have the child permanently. On Friday, one week after the baby was born, the defendant Clytie House came to Denver to take her back to Okmulgee, and left on the following Sunday with the baby. There was some testimony that the father was willing that his uncle and aunt adopt the baby, but the child's mother never did agree to any such adoption. All parties to this action are of the Negro race. The plaintiff, Ralph D. House, is employed in Denver and makes fair wages. Their other three children live at home. There was nothing offered in evidence against them in any way, except that Ralph D. House, when a boy in school, had gotten into some difficulty about carrying a concealed weapon. The defendant is a teacher in the public schools of Okmulgee county, and her husband is a teacher in the colored high school at Okmulgee. From the evidence they are fine people and devoted to the baby.

After hearing all the evidence, the trial court entered a judgment awarding the custody of the child to its parents, Ralph D. and Willene House, and requiring them to pay the defendant $600 for the care and keeping of the minor child during the period of time she was kept by the defendant, payable at $25 per month beginning with the month of August, 1951. The defendant appealed, and was allowed to give supersedeas bond and retain custody of the child. The propriety of the order of the court requiring plaintiffs to pay defendant $600 was not questioned by the plaintiffs.

The defendant has raised two propositions in her brief. The first is that the judgment of the court is contrary to law and is not supported by sufficient evidence, and second, that he who seeks equity must do equity. With the defendant's contention that the judgment is contrary to law and is not sustained by the evidence, we cannot agree. It is a well-settled principle of law in this jurisdiction that the right of the parents to the custody of their child is superior to that of all other persons, unless it is shown conclusively that the parents are unfit as to character and habits and incapable of providing for the child's support and for its intellectual and moral development. Scroggin v. Griffin et ux., 185 Okla. 456, 94 P. 2d 244; Sherrick et ux. v. Butler, 175 Okla. 538, 53 P. 2d 1097. In the often-quoted case of Breckenridge v. Breckenridge, 103 Okla. 261, 229 P. 774, we made this statement:

"In order to justify a court in depriving a parent of the care and custody of his child, the evidence offered to establish the unfitness of the parent must be clear and conclusive, and sufficient to show the necessity for so doing to be imperative."

Also, in Jamison v. Gilbert, 38 Okla. 751, 135 P. 342, we said:

"The unfitness which will deprive a parent of the right to the custody of his minor child must be positive and not comparative; and the mere fact that his minor child might be better cared for by a third person is not sufficient to deprive the parent of his right to its custody."

We find no justification for taking this baby away from its natural parents and awarding it to the wife of its paternal great-uncle. The plaintiffs are not rich people, but they are sufficiently able to take care of their own child, and the mere fact that the uncle would be in better financial position to care for the child and has no children of his own would not justify us in awarding the child to the defendant, the uncle's wife.

In regard to the defendant's second contention that the plaintiffs have not

done equity in this case by paying the entire $600, we cannot say at this time how much has been paid on the $600; but the statements of counsel indicate that at the time of filing the brief, June 7, 1952, $275 had been applied on that amount, which showed them to have paid at that time $25 in advance. The judgment did not make the payment of the $600 a prerequisite to obtaining custody of the child.

The awarding of the care and custody of a child is within the sound discretion of the trial court, and this court on appeal will not disturb the trial court's judgment unless that judgment is clearly against the weight of the evidence.

We are of the opinion that the judgment of the trial court should be and it is hereby affirmed, and the defendant is ordered to place the child, Claudia Faye House, in the custody of its parents immediately upon the filing of the mandate in the trial court.

WELCH, CORN, GIBSON, JOHNSON, and BINGAMAN, JJ., concur.