El Harden MATHEWS, Plaintiff in Error,

v.

James V. GRANT, Defendant in Error.

No. 37962.

Supreme Court of Oklahoma.

June 17, 1958.

Nesbitt & Nesbitt, Miami, for plaintiff in error.

Charles C. Chesnut, Miami, for defendant in error.

CARLILE, Justice.

This is an appeal by El Harden Mathews from an order of the District Court of Ottawa County discharging a writ of habeas corpus and denying relief sought thereunder. The writ was issued March 27, 1957 and directed to James V. Grant on petition of El Harden Mathews, who alleged that he is the father of Louise Mathews, aged five, and Jimmy Mathews, aged four, and as their father is entitled to their custody, and that he was awarded their custody under an amended order of the District Court of Wyandotte County, Kansas, dated March 1, 1957, which order modified and amended the divorce decree of said court dated September 23, 1953, in which the care and custody of said minors was awarded to their mother, Sylvia Mathews with the right of the father to visit them. She was also granted a decree of divorce from El Harden Mathews on the grounds of cruelty and gross neglect of duty. The plaintiff further alleged that said minors are in the custody of James V. Grant, who keeps them under a decree of adoption in his favor entered in the County Court of Ottawa County, Oklahoma, on November 3, 1955, and further alleges that the decree of adoption is null and void because the County Court was without jurisdiction to enter the decree in the absence of notice to him of the proceeding, and that the petitioner fraudulently alleged that the father's address was unknown. Plaintiff further alleged that James V. Grant is not a proper person to have the custody of said minors, and prayed that plaintiff be awarded the custody and control of said minors. James V. Grant filed a response to the petition and admitted therein that the plaintiff, El Harden Mathews, was the natural father of the said children but alleged that he had abandoned them and that the County Court of Ottawa County, Oklahoma had jurisdiction to enter the decree of adoption under which respondent was awarded the care and custody of the said children. Defendant further alleged

that he was also granted custody of the said children in a divorce action in the District Court of Ottawa County on January 27, 1956, wherein he was plaintiff and Sylvia Mathews Grant, mother of said children was defendant; that he has had custody of said minors for more than three years. Defendant further alleged that no notice was given Sylvia Mathews of the application to modify the divorce decree of the District Court of Wyandotte County, Kansas or of the order modifying the same, and alleged that plaintiff had failed to comply with the judgment of the court in that he failed to pay the child support money, and alimony awarded the mother of said children, and prayed that the plaintiff was not a fit and proper person to have the custody of the children and prayed that the writ be denied.

Sylvia Mathews-Grant-Fisher, mother of the children, was granted leave to intervene in the habeas corpus proceedings and filed a response to plaintiff's petition alleging facts similar to those of the defendant, with an added allegation that she informed El Harden Mathews that if he did not assist in caring for the children she would adopt them to her then husband, James V. Grant, and in response he told her he did not want anything to do with her or the children, and she prayed that the writ be denied and that the custody of the children be left with the defendant, James V. Grant, or that she be granted their custody in preference to El Harden Mathews.

The record shows that the order of adoption of the children was made and issued on the joint petition of defendant Grant and his then wife, Sylvia Grant. A hearing on the writ and the issues arising under the pleadings was had on April 19, 1957 and at the conclusion of the hearing the trial judge observed in part: "I just feel like these children should stay where they are", and entered judgment denying plaintiff's petition for custody of the children. No specific findings of fact or conclusions of law were requested or made by the trial court. Plaintiff's motion for a new trial was denied, and he has appealed.

The plaintiff in error presents his assignments of error on the general proposition that the judgment is not supported by the evidence and is contrary to law.

The plaintiff, in his brief, asserts that the right of the defendant, James V. Grant, to the possession of the children involved rests on the adoption proceeding in the County Court of Ottawa County, Oklahoma; that he, plaintiff, by the decree of divorce rendered in the District Court of Wyandotte County, Kansas, in 1953 was granted the right to visit the children and that they could not be legally adopted without his consent or, at least, without notice to him, nor could he be deprived of his right to visit them. The record does not show that plaintiff was ever denied the right to visit the children or that he visited them except when they were in a hospital in Kansas City for a short period. He said he did not know who paid their hospital bill. Plaintiff further states his position as follows:

"It is immaterial that defendant properly cared for the children. The question before the court was not the matter of what was for the best interests of the children, but the sole question to be determined by the court was whether the defendant had any legal right to the possession of the children. That is, was the adoption proceeding void."

We are unable to agree with the statement because it is clearly contrary to the holding and decisions of this Court, some of which are as follows: Ex parte Hudspeth, Okl., 271 P.2d 371, holds:

"The right of a parent to the custody of a minor child is of great importance in awarding its custody, but it is not an absolute right, and is qualified by considerations affecting the welfare of the child.

"In a habeas corpus action by a parent for the custody of a minor child, three rights or interests are to be regarded: First, that of the child; second, that of the parent; third, that

of those who have for years discharged all the obligations of parents."

"The awarding of the care and custody of a child in a habeas corpus proceeding is within the sound discretion of the trial court and this court will not disturb the judgment on appeal unless it is clearly against the weight of the evidence." Ex parte Helscel, Okl., 268 P.2d 287, 290.

"Paramount consideration in habeas corpus proceeding to determine custody of a child of divorced parents is welfare of child, and the circumstances pertaining to its custody may always be inquired into by a court of competent jurisdiction, and any order relating thereto may be made whenever the child's best interests so demand." Ex parte Jones, 203 Okl. 30, 217 P.2d 1024, 1025.

"The welfare of a minor child is the paramount consideration, and the circumstances pertaining to its custody may always be inquired into by a court of competent jurisdiction, and any order relating thereto may be made whenever the child's best interests so demand." Ex parte Miller, 201 Okl. 499, 207 P.2d 290.

See also Nasalroad v. Gayhart, 208 Okl. 477, 257 P.2d 299; Long v. McIninch, Okl., 264 P.2d 767. In Ex parte Henry, 130 Okl. 106, 265 P. 105, 106, the opinion quotes with approval from the text there cited as follows:

"The ascertainment and enforcement of the custody of minor children by the use of the writ of habeas corpus is of an equitable nature, and in such cases the question of personal freedom is not involved, * * * as in the case of an adult person, but upon the court's view of the best interests of those whose welfare require that they be in custody of one person or another; and hence a court is in no case bound to deliver a child into the custody of any claimant or of any person, but should, in the exercise of a sound judicial discretion after a careful examination of the facts, leave it in such custody as the welfare of the child at the time appears to require."

In Ex parte Hudspeth, supra, a father sought to obtain custody of his minor son who was staying with his grandmother. The principal contention made by the father was that the statute, 10 O.S.1951 Sec. 5, provides that the father of a legitimate child is entitled to the child's custody, services and earnings, and gave him an absolute right to the custody of his child since the evidence showed him to be a fit person and financially able to provide for the child, but this court sustained the trial court in denying the father custody of the child on the ground of the preference of the child to remain where he was, and because of the paramount welfare of the child.

In re Young's Guardianship, Okl., 281 P.2d 739, the father of two minor children sought their custody and urged that he was able to care for them and was leading a proper life, and that it was incumbent upon the court to recognize his prior right as parent and grant him custody of the children, but the court denied him such custody and cited in support of its holding the decision in Taylor v. Taylor, 182 Okl. 11, 76 P.2d 1132, and Title 30 O.S.1951 Sec. 11, which statute directs that in awarding custody of a minor child the court should be guided by what appears to be for the best interests of the child with respect to its temporal, mental and moral welfare.

From an examination of the applicable decisions of this court it is apparent that while the right of a parent to the custody of his minor child is of much importance in determining the right to custody it is not an absolute right and is qualified by considerations affecting the welfare of the child.

The plaintiff challenges the validity of the adoption proceeding in the County Court of Ottawa County, Oklahoma, wherein the defendant, James V. Grant, on joint petition with his then wife, mother of the

children, obtained an order of adoption of the said children. The judgment rendered in the present proceeding shows no specific findings of fact or conclusion of law concerning the validity of the order of adoption. We deem it unnecessary to a proper disposal of this appeal to pass upon and determine the question of the validity of the order of adoption.

In Ex parte Jones, supra, the opinion states that there was an issue of law concerning an adoption proceeding which was disposed of in the following language:

"In its decree the trial court did not undertake to decide the issues of law raised over the adoption proceeding and it is apparent that in denying the writ the court was actuated by what was considered the welfare and best interest of the child."

In Ex parte Helscel, supra, the mother of a minor child based her right to the child on the ground that the adoption was void, and that she was entitled to the child. The opinion therein holds the adoption proceeding void and states:

"It does not follow, however, that because the proceeding in adoption is void petitioner is entitled to the custody of the child. In Nasalroad v. Gayhart, 208 Okl. 447, 257 P.2d 299, this court held that the fact that a parent has relinquished the custody of a child should be given due consideration in determining whether it should be returned to the parent. (Citing cases.) In paragraph four of the syllabus of Nasalroad v. Gayhart, supra, it is stated:

" 'The awarding of the care and custody of a child in habeas corpus proceeding is within the sound discretion of the trial court and this court will not disturb the judgment on appeal unless it is clearly against the weight of the evidence.' "

■■ If it should be assumed or determined that the order of adoption was not binding on the plaintiff because of a lack of notice to him it would not follow as a matter of law that the plaintiff would be entitled to the custody of the children and that the District Court erred in denying him custody of the children. As pointed out in the preceding decisions referred to herein, the trial court in a habeas corpus proceeding is vested with the judicial discretion and power to award or deny a father the custody of his minor child, the decision to rest upon the facts in each particular case. We think it apparent from the record here presented that the trial court in denying the plaintiff custody of the children was actuated by what he considered the welfare and best interests of the children, and we find the ruling of the trial court to be sustained by the clear weight of the evidence.

■ Shortly prior to the filing of the present action the plaintiff obtained an order of the District Court of Wyandotte County, Kansas, modifying the 1953 divorce decree wherein his then wife, Sylvia, was granted a divorce and awarded custody of their two children. The modification order directed that the custody of the children be given the father and he relied upon the modification order as supporting his present claim of right to possession of the children. Their mother, who was plaintiff in the Kansas divorce action, testified in the present proceeding that she received no notice of the application to modify the decree or of the hearing thereon. Under the record in the present proceeding the order of the Kansas Court modifying the divorce decree with respect to the custody of the children is not binding on the courts of this state in habeas corpus proceedings. The opinion in Ex parte Miller, supra, cites Heide v. Kiskaddon, 79 Okl. 6, 190 P. 859; Gaunt v. Gaunt, 160 Okl. 195, 16 P.2d 579, and states:

"The foregoing cases are also authority for the rule that a judgment of a sister state in a divorce proceeding, awarding the care and custody of a minor child, is not, under the full faith and credit clause of the Federal Constitution, Article 4, § 1, binding in a habeas corpus proceeding upon the

courts in this state, to which either parent has removed."

Hatcher v. Hatcher, 206 Okl. 471, 244 P.2d 580, holds under the facts there shown that the judgment of another state awarding custody of children as between divorced parents is not binding upon the Oklahoma Courts under the full faith and credit clause of the Federal Constitution, art. 4, § 1.

The record shows that the plaintiff, Mathews, has paid no part of the sums awarded his wife in 1953 by the District Court of Wyandotte County, Kansas for the support of their minor children, nor paid any part of the alimony, attorney fees and costs adjudged against him in that case, although his wage at the time of the hearing in the present action was $75 to $100 per week, according to his testimony. He was asked to state just how much financial aid he had given his children and answered that at one time their mother told him the children had no clothes, and he bought them each a suit at a cost of $15, and said he and his folks had bought them clothes at other times. The wife testified that the total support money received from him would not exceed $50. Plaintiff testified in the present proceeding that he and his present wife were living in a three room efficiency apartment in Kansas City and that the wife was expecting a child in the near future. The evidence shows that petitioner, the plaintiff, has shown little interest in the whereabouts, needs or welfare of his children. The defendant, James V. Grant, who has had the custody of the children two or more years and who procured an order adopting them, is a resident of Commerce, Oklahoma and has apparently cared for the children as a parent should and provided them with a suitable home and an environment essential to the happiness and welfare of the children.

From a consideration of the record as a whole we find that the order and judgment of the District Court denying the plaintiff the custody and control of the children involved is justified and sustained by the evidence.

Judgment affirmed.

CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.

WELCH, C. J., dissents.