Eva L. GIBSON, Plaintiff in Error,

v.

Glenna DORRIS and Eugene Dorris, Defendants in Error.

No. 40230.

Supreme Court of Oklahoma.

Oct. 22, 1963.

John B. Ogden, Oklahoma City, for plaintiff in error.

Schwoerke & Schwoerke, Oklahoma City, for defendants in error.

WELCH, Justice.

Petitioner is the maternal grandmother of minor sons of the respondent Glenna Dorris. She and her husband were married in 1942 and have lived in Oklahoma City for a number of years. They are of moderate financial circumstances, paying $65.00 a month house rent from her husband's social security, retirement pay, and income from extra work he normally performs. Petitioner has no separate income of her own. She is 57 years old. She has taken care of her daughter's two sons from their infancy. They are happy in her home. At least one of them is doing well in school. The respondent also resides in petitioner's home and on behalf of the boys and herself contributes $45.00 a month towards family expense besides buying clothing, school supplies and necessities of the boys. She works at the Western Electric plant; she has worked there some two years. Her husband, Eugene Dorris, is in military service and is stationed in France. They were married in November, 1957. For a time she and he operated a tavern. He also drove a cab for a while before going into the army. At trial time he had been in military service two years and was home on furlough. He and the boys' mother propose to take her sons with them to France at expiration of his furlough. The petitioner, their grandmother, objects. The petitioner contends that her daughter, Glenna Dorris, and her husband are unfit persons to have custody of minor children.

Evidence was introduced to support petitioner's contention in this respect. Likewise, evidence was introduced which tended to put an entirely different light upon the subject. Upon cross-examination of the petitioner, and by other testimony, it was demonstrated that grandparents' love and affection for grandchildren can sometimes obscure their realization that the grandparents are not the parents of the children. Under the facts here shown no one was objecting to the mother having the boys with her; the objection primarily was that the boys might be taken to France and away from the grandmother.

There was some evidence of erroneous statements or actions or misconduct on the part of both parties, but the trial court heard the parties testify and observed their demeanor on the witness stand and is in better position to evaluate their testimony than is this court from an examination of the record of the testimony on these items.

In Alexander v. Gee, Okl., 352 P.2d 915, it is stated in the Editorial Syllabus as follows:

"Opinion of trial judge who saw witnesses and observed their demeanor while testifying is entitled to great weight."

After hearing the evidence the trial court refused to find that the boys' mother was an unfit person to have their custody and granted their custody to the mother, thereby denying the writ. Subsequently,

motion for new trial was overruled. The general grounds of her petition in error have been argued in her brief upon a premise that the best interests of the children require their continued custody in the petitioner; our attention being called to the decisions in Taylor v. Taylor, 182 Okl. 11, 75 P.2d 1132; Ex parte Parker, 195 Okl. 224, 156 P.2d 584; Osburn v. Roberts, 197 Okl. 206, 169 P.2d 293, and other cases, including Baker v. Bursch, Okl., 374 P.2d 31. Respondents have conceded the applicability of rules of law enunciated in such decisions. There is no dispute as to the proper rule being as set forth in Taylor v. Taylor, supra, that three rights or interests are to be regarded: First, that of the child; second, that of the parent; third, that of those who have for years discharged all the obligations of parents.

■ The facts as revealed by the record may be distinguished from those involved in Ex parte Parker, 195 Okl. 224, 156 P.2d 584, as even though the respondent mother may have had to work in a tavern, she did not abandon the minors. That the grandmother was willing to care for them while the mother worked is to be commended and especially when such has continued through the years. We find no error in the trial court's conclusion, however, that the mother had not abandoned them. Indeed, her residence in the same household and contributions from her earnings to the family expenses and furnishing of clothing and other necessities for her sons appears to have been given proper consideration so that it would be difficult to conclude that the mother had ever given over to the grandmother their exclusive custody.

■ To justify the courts in depriving parents of the care and custody of their own children, the parents special unfitness must be shown by evidence that is clear and conclusive and sufficient to make it appear that the necessity for doing so is imperative. Ordinarily and generally, it must be established that their condition in life, character and habits are such that provision for the childrens' ordinary comfort, their intellectual and moral development cannot reasonably be expected at their hands. We so said in House v. House, 207 Okl. 238, 249 P.2d 113; Sherrick v. Butler, 175 Okl. 538, 53 P.2d 1097, and In re Sweet, Okl., 317 P.2d 231, 236.

■ In this case the district court held that although the mother had had a difficult life it appeared that she is a proper and fit person to have the care and custody of her sons. The awarding of the care and custody of minor children in a habeas corpus proceeding is within the sound discretion of the trial court and this court will not disturb the judgment on appeal, unless it is clearly against the weight of the evidence. See Mathews v. Grant, Okl., 326 P.2d 1043, and Application of Boyd, Okl., 274 P.2d 399.

The best interests of the children would not seem to warrant their being taken from their mother even though persons whose rights or interests are thirdly regarded have afforded the children care and protection.

From a consideration of the record in its entirety, we find that the trial court committed no abuse of discretion in awarding their custody to the respondent and in denying the writ.

Affirmed.