**In the Matter of the Habeas Corpus of Mark Lynn ROGERS and Kimberly Jean Rogers, minors.**

**In the Matter of the Habeas Corpus of Kathy Dianne YOUNG, a minor.**

**Nos. 44619, 44620.**

Supreme Court of Oklahoma.

Dec. 14, 1971.

Rehearing Denied Jan. 18, 1972.

Baker & Baker, Tulsa, for petitioners.

H. Tom Kight, Jr., Claremore, for respondents.

HODGES, Justice.

This appeal arises from the consolidation in the trial court of two cases involving objection to appointment of guardian and two cases involving habeas corpus proceedings to obtain custody of three minor children. Petitioners are fathers of the minor children. Custody of two children was awarded to an uncle. Custody of a third child was awarded to a natural mother, who had allowed the child to be adopted by a sister, who is now deceased. Guardianship was awarded to the uncle. Both fathers appeal. Reversed with directions.

These matters involve three minor children, Mark Rogers, age 12 Kimberly Rog-

ers, age 5, and Kathy Young, age 3. The mother of these children was killed along with the childrens' grandmother and an uncle on November 3, 1970, in an explosion and fire. The mother, Wanda Young, had at different times been married to the two petitioners, Jimmie Dean Rogers and Roger Young.

Wanda Young married Jimmie Rogers in 1956. Mark Rogers was born of this marriage in 1957. Kimberly Rogers, whose natural mother Linda Burkenfelt, was allowed to intervene in this action, was born in 1965, and was adopted by Wanda and Jimmie Rogers. This marriage ended in divorce in April 1966.

In September 1966, Wanda Young married Roger Young. Kathy Young was born of this marriage in July 1967. This marriage ended in divorce in July 1967.

In the divorces from Jimmie Rogers and Roger Young, Wanda Young was awarded custody and child support of the children here involved. Jimmie Rogers and Roger Young paid child support until the death of Wanda Young.

Richard Pursely, brother of the deceased, shortly after her death, filed a petition in the district court for the appointment of a guardian for the children. Pursely was appointed guardian instanter without notice to either father, both of whom resided out of county. Petitioners subsequently filed objections to appointment of guardian and habeas corpus proceedings which are before us now on appeal.

The district court awarded custody of Mark Rogers and Kathy Young to Richard Pursely. Custody of Kimberly Rogers was awarded to Linda Burkenfelt. Richard Pursely was appointed guardian of the estate of the three children.

The court in remarks from the bench announcing its holding stated the fathers were both "outstanding fathers. Exceptionally so." The evidence indicates both men were good fathers; dependable workers, paid their child support, visited their children often, gave them gifts, and generally did the things fathers do who love their children but are separated from them by divorce.

In more particular the evidence further showed that Jimmie Rogers, the father of Mark Rogers and the adoptive father of Kimberly Rogers, had remarried, lived in a home valued at $20,000.00, was employed by Braniff at a salary in excess of $10,000.00, and owned rent properties from which he realized $80.00 per month income. He is presently happily married and has three children of the present marriage.

Roger Young, father of Kathy Young had not remarried, worked for a rug and carpet cleaners earning $140.00 per week the past eight years, lives in and owns a trailer house for the past four years. He has made arrangements with his niece who is married and not working to take care of Kathy during the daytime. Kathy will live with him in the evenings and on weekends. There is a possibility that he will remarry.

Both fathers testified they love their children and want to rear them in their household.

The intervenor, Linda Burkenfelt, the natural mother of Kimberly Rogers, has now married, has two children, lives in Dallas, where her husband earns $850.00 per month, loves her daughter and wants her to live with her. She was unable to take care of Kimberly when she was born so she allowed her sister and the petitioner, Jimmie Rogers to adopt her.

Richard Pursely, the uncle of the children is a contractor earning about $20,000.00 a year, and had lived in close proximity to the children for about six months prior to the death of their mother. He had been with the children at least every other day during this six month period, and loved them and wanted to rear them. He is married, has two children and lives in a three bedroom home.

Mark Rogers was the only child who testified. In the Judges chambers he indicated he wanted to live with his uncle, although he loved his father. The court in its remarks from the bench prior to judg-

ment stated he believed the child was well coached.

█ This court has stated many times, and we reiterate, the primary concern in matters of this nature is the welfare of the child, but concern must be also given to the parents, relatives and third persons with whom the children might have lived for some length of time.

In considering the welfare of the child the factor of the natural love and affection of a parent is of great importance. In the case of Alford v. Thomas, Okl., 316 P.2d 188 (1957), this court said:

"Parents have by nature, as well as law, the legal right to the custody of their minor children. This right will always control the judgment of the courts, unless circumstances of great weight and importance connected with the necessary welfare of the child exist to overcome such right."

██ The parent is by law and nature the person who should have custody of their children, unless there arise circumstances of great weight to overcome such consideration. This applies in the case of divorced parents, where the one having custody dies, unless it clearly appears that the surviving parent is unfit for children's custody and their welfare forbids award of custody to such parents. In re Guardianship of Hight et al, 194 Okl. 214, 148 P.2d 475 (1944), and Hood v. Adams, Okl., 396 P.2d 483 (1964). It follows there must be circumstances shown, which would deprive the parent of the custody of his or her child. This court has consistently held that for custody to be taken from the parent there must be a showing of unfitness of the parent. Sherrick v. Butler, 175 Okl. 538, 53 P.2d 1097 (1936); Scroggin v. Griffin, 185 Okl. 456, 94 P.2d 244 (1939); In re Guardianship of Hight, supra;

House v. House, 207 Okl. 238, 249 P.2d 113 (1952); Marcum v. Marcum, Okl., 265 P. 2d 723 (1954); Roberts et ux. v. Biggs et ux., Okl., 272 P.2d 438 (1953); Hollick v. McDaniel, Okl., 401 P.2d 466 (1965). Not only must unfitness be found, but it must be by clear and convincing evidence. Hollick v. McDaniel, supra. The mere fact that a child might be better cared for by a third party is not sufficient reason for depriving a parent of custody of his or her child, Roberts v. Biggs, supra.

█ We do not have before us a situation where the children have long resided with a third party or someone other than a parent, which would give rise to separating a child from someone and someplace he or she has become accustomed to as "home". The children prior to the death of their mother had not lived with their uncle. We do not have an unfit parent. To the contrary, the court stated the petitioners were both "outstanding fathers. Exceptionally so."

In our view, under these conditions, the trial court erred in awarding custody of the children to Pursely and Burkenfelt and appointing Pursely guardian of the estate of all children. The welfare of the children would best be served with their fathers. The judgment of the trial court is reversed. The trial court is directed to enter the following order: Custody of Mark Rogers and Kimberly Rogers to Jimmie Rogers; Custody of Kathy Young to Roger Young; Appointment of Jimmie Rogers as guardian of the estate of Mark Rogers and Kimberly Rogers; and appointment of Roger Young as guardian of the estate of Kathy Young.

Reversed with directions.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, LAVENDER and McINERNEY, JJ., concur.