**In the Matter of Application of Jerrol D. SMITH and Pat Smith For Writ of Habeas Corpus.**

**In the Matter of the ADOPTION OF J.D.C. a minor.**

**Jerrol D. SMITH and Pat Smith, Appellants,**

v.

**Ted NEHER, Appellee.**

No. 77817.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 11, 1992.

Russell C. Lissuzzo, II, Oklahoma City, for appellants.

Jan Grant–Johnson, Oklahoma City, for appellees.

## MEMORANDUM OPINION

JONES, Judge:

Appellant/Grandmother (Pat Smith) seeks review of an order of the trial court granting guardianship of J.D.C., a minor child, to Appellee/Step-father (Neher). Smith contends on appeal that the trial court abused its discretion by placing the minor child with Neher, and that the best interest of the child would be better served by placing custody with Smith.

## FACTS

The minor child in this case was born out of wedlock in 1981 to Connie Jo Confer and William Coates. The natural father has never participated in the care, support or maintenance of the child, and his whereabouts is unknown. William Coates is not a party in the proceedings below or on appeal. Neher is the step-father of the child, having married Connie in 1989 after living with her for about 3 years. Appellant Pat Smith, formerly Confer, is the mother of Connie and the maternal grandmother of the child. Connie died of cancer in 1989, and on December 14, 1990, Neher filed his Petition for Adoption in District Court. On the same day, Pat Smith simultaneously filed her Application for Habeas Corpus. Smith was joined by her second

husband in the cause below, but she appears to be the real party in interest. The trial court consolidated both actions and after a hearing on the merits, granted to Neher guardianship of the minor child. On appeal, the sole issue for our determination is the application of 10 O.S.1988 §§ 5.1 and 21.1 to the present case.

## ISSUE

Smith attempts to state her proposition of error several different ways, but the crux of her argument is: The award of custody of the minor child to the stepfather instead of the natural, maternal grandmother by the trial court constitutes an abuse of discretion and is violative of 10 O.S.1988 § 21.1 and 1981 § 5.1. Smith argues the facts of the present case demonstrate that the child's best interest would best be served by placing her with the natural grandmother.

## STANDARD OF REVIEW

■ Our standard of review was amply stated forty years ago in the case of *Currin v. Chadwick,* 206 Okla. 148, 241 P.2d 947 (1952). In custody proceedings, this court will carefully review the entire record. The findings and judgment of the trial court are entitled to great weight and will not be overturned unless against the clear weight of the evidence. Since the enactment of 10 O.S. § 5.1 (1981) and § 21.1 (1983, revised 1988), the Oklahoma Supreme Court has generally stated that the appellate courts will review the record, weigh the evidence before the trial court, and "... where it does not appear that the trial court has abused its discretion in making a determination of those best interests, the award of custody will not be reversed ..." *Gorham v. Gorham,* 692 P.2d 1375 (Okla.1984). To establish an abuse of the trial court's discretion, the one who challenges the trial court's determination of custody must affirmatively show the trial court's decision to have been contrary to the child's best interest. *Gorham,* supra. Applying this standard of review to the present case, Appellant fails to affirmative-

ly show the trial court's decision was *not* in the best interest of the minor child.

## STATUTORY CRITERIA

■ 10 O.S. § 21.1 reads in part:

A. Custody should be awarded or a guardian appointed in the following order of preference *according to the best interests* of the child to:

1. a parent ...

2. a grandparent;

3. a person who was indicated by the wishes of a deceased parent;

4. a relative of either parent;

5. the person in whose house the child has been living in a wholesome and stable environment; or

6. any other person deemed by the court to be suitable and able to provide adequate and proper care and guidance for the child. (emphasis added).

Furthermore, upon the death of the custodial parent, the question of custody of a minor child shall always be based upon what is in the best interest of the that child. 10 O.S. § 5.1. See also 43 O.S. §§ 109 and 112 B. Applying this statutory criterion to the case at bar, we again find that the trial court did not err.

## HOLDING

■ In the present case, the thrust of Appellant's argument implies that the preference order for awarding custody in § 21.1 A is absolute and the trial court therefore has little or no discretion in determining the best interests of a minor child. Smith does not, however, cite sufficient authority to support this narrow interpretation, but candidly admits that case law interpreting § 21.1 since its enactment is scarce. *Grover v. Phillips,* 681 P.2d 81 (Okla.1984) holds that absent a showing of unfitness, the natural father is to be accorded his statutory preference to the exclusion of the grandparent. Here we do not deal with a natural parent nor the constitutional issues involved with the right of a natural parent. We therefore look to the plain language of the statute and apply the broad guidelines previously mentioned.

The controlling language of 10 O.S. § 21.1 is the phrase "... according to the best interests of the child ..." when determining custody, not the order of preference. The trial court has wide latitude in determining the best interests of the child in custody matters brought by writ of habeas corpus or proceedings for adoption. See 42 Am.Jur.2d *Infants* § 29 (1969). Each case must be decided on its own merits. Our review of the evidence adduced below shows; that prior to her death Connie had expressed a desire that Neher should have custody of the minor; that the child in question had stated she wished to live with her step-father; that Neher had been providing a stable home environment for the child; and that Neher was able to provide adequate care and guidance for the child. Notwithstanding the trial judge's pronouncement that Smith was a fit grandparent and also capable of providing a good home for the child, the trial court, after weighing all the evidence, decided in favor of the step-father. Where the custody of a minor child is an issue between two parties and neither one is a natural parent, the issue is not to be decided upon the statutory order of preference alone in the event both contesting parties are deemed to be fit and proper custodial parties.

Our review of the record indicates that the paramount consideration of the trial court was, and should have been, the best interest of the child, and where it does not appear that the trial court abused its discretion, it will not be reversed on appeal. *Rice v. Rice,* 603 P.2d 1125 (Okla.1979). We find no abuse of discretion.

AFFIRMED.

ADAMS, P.J., concurs.

GARRETT, J., dissents.