2009 OK 47

In the Matter of the GUARDIANSHIP OF C.D.A., a minor child, William Allison and Lenore Allison, husband and wife, Petitioners/Appellees,

v.

Cassi D'Lon Roth, Respondent/Appellant.

No. 105,821.

Supreme Court of Oklahoma.

June 23, 2009.

MEMORANDUM OPINION

COLBERT, J.

¶1 In this matter, certiorari is granted to review an opinion of the Court of Civil Appeals. The opinion reversed the trial court's refusal to terminate the temporary guardianship of a minor child.

¶2 In May 2005, William and Lenore Allison, maternal grandparents, (Grandparents), filed a petition for temporary guardianship of their granddaughter, C.D.A., when her mother, Cassi, (Mother), was hospitalized after attempting suicide. Grandparents contended

that based on Mother's suicide attempt, it would be in the best interest of the child to reside with them. The trial court granted an *ex parte* emergency order of guardianship. After being released from the hospital, Mother voluntarily came before the court to endorse her parents as the guardians of her daughter. On July 15, 2005, the trial court granted a temporary guardianship and appointed Grandparents as temporary guardians of C.D.A.

¶ 3 On February 23, 2006, Mother filed a motion to terminate the temporary guardianship alleging that the conditions leading to the need for the guardianship no longer existed. The matter was set for hearing on April 5, 2006. During the hearing, the parties came to an agreement on a reunification plan. This plan was designed to correct several of the problem areas in Mother's life, while slowly reintegrating C.D.A. back into Mother's care and custody. Mother and Grandparents had mutual obligations to fulfill in order to successfully complete the plan. The trial court's order stated "that should the Natural Mother complete the attached plan, her Motion to Terminate Guardianship will be granted and custody of her minor child will be restored."

¶ 4 C.D.A. remained in Grandparents' home until February 2007, when she was returned to Mother and allowed to live with Mother full-time. Mother married Andrew Roth (Roth) on July 7, 2007, and C.D.A. lived full-time with the couple. In January 2008, a disagreement arose regarding Roth's emergency room visit. Grandparents removed C.D.A. from Mother's home and refused to return the child. Mother moved to terminate the guardianship and a hearing was held on April 7, 2008.

¶ 5 On April 8, 2008, the trial court denied Mother's motion to terminate the temporary guardianship. The court held "[t]hat the reasons for the creation of the Guardianship which are the impediments to mother's custody have clearly and convincingly not been removed for which reason termination of Guardianship would be inimical to the welfare of the child."

¶ 6 The Court of Civil Appeals reversed holding the trial court's denial of the motion to terminate the temporary guardianship was "contrary to the clear weight of the evidence". It remanded with directions that the temporary guardianship be dismissed and that custody of the child be returned to Mother. This Court now grants Grandparents' request for certiorari review.

¶ 7 Pursuant to section 4–804 of title 30 of the Oklahoma Statutes, a temporary guardianship may be terminated when it is no longer necessary. It is deemed "no longer necessary" when the impediment to the natural parent's custody has been removed, unless to do so would be inimical to the welfare of the child. *In re Guardianship of Hatfield,* 1972 OK 10, ¶ 8, 493 P.2d 819, 821; *see also Grose v. Romero,* 1948 OK 120, 193 P.2d 1014. The person seeking to terminate a temporary guardianship as "no longer necessary" has the burden of proving by clear and convincing evidence that the conditions that led to creation of the guardianship have been corrected. If that person is a parent who has been found unfit, fitness must be established. If the parent has not been found unfit, the parent must show that the conditions which resulted in the temporary guardianship have changed and that the parent is now able to take care of his or her children. *In re Guardianship of M.R.S.,* 1998 OK 38, ¶ 26, 960 P.2d 357, 365. On review, we will not reverse unless the trial court's determination is against the clear weight of the evidence. *In re Guardianship of the Estate of Reid,* 1956 OK 64, ¶ 0, 294 P.2d 544, 545 (syllabus of the court # 1).

¶ 8 It is presumed that the best interest of the child is to be with his or her parent, unless it is demonstrated that such custody would be detrimental to the child's welfare. This Court has held:

In a contest between the [parent] and the [third party], in order to deprive the [parent] of the custody of [their] child, it must be shown that [his or her] condition in life, or [his or her] character and habits, are such that provision for the child's ordinary comfort and contentment or for its intellectual and moral development cannot be reasonably expected at the parent's hands.

*Matter of Guardianship of M.R.S.*, 1998 OK 38, ¶ 14, 960 P.2d 357, 362. Further, "[i]n order to justify a court in depriving a parent of the care and custody of [his or her] child, the evidence offered to establish the unfitness of the parent must be clear and conclusive, and sufficient to show the necessity for so doing to be imperative." *Hood v. Adams,* 1964 OK 217, ¶ 10, 396 P.2d 483, 485.

■ ¶ 9 In this matter, Grandparents offered compelling expert witness testimony to demonstrate the need for the temporary guardianship to continue. However, Mother offered evidence demonstrating her capacity and willingness to care for her child. As a natural parent, Mother is expected and entitled to have her daughter with her full time. "[A] parent's right to the companionship, care, custody, and management of his or her child is a fundamental right protected by the U.S. and Oklahoma Constitutions." *J.V. v. State Dept. Of Institutions, Social and Rehabilitative Servs.*, 1977 OK 224, ¶ 3, 572 P.2d 1283, 1284 (overruled on other grounds by *In re A.E.*, 1987 OK 76, 743 P.2d 1041). It is presumed that the best interest of the child is to be with his or her parent, unless it is demonstrated that such custody would be detrimental to the child's welfare.

¶ 10 Mother and Grandparents demonstrated significant compliance with the reunification plan, but no party actually fully completed it. Because the record does not demonstrate by clear and convincing evidence that the temporary guardianship should be terminated and due to the time that has lapsed since the trial court's ruling, this cause is remanded to the trial court. "[T]he trial court heard the parties testify and observed their demeanor on the witness stand and is in better position to evaluate their testimony than is this court from an examination of the record of the testimony on these items". *Gibson v. Dorris,* 1963 OK 235, ¶ 3, 386 P.2d 186, 187. The trial court is directed to conduct another evidentiary hearing taking into account any changes in circumstances of the child, Mother, and Grandparents to determine if the temporary guardianship is still needed. In addition, the trial court is to determine whether additional requirements must be met by Mother and Grandparents to protect the best interest of the child.

¶ 11 Certiorari in this matter is granted, the opinion of the Court of Civil Appeals is vacated, the order of the trial court is reversed, and this matter is remanded to the trial court to conduct an evidentiary hearing to determine any present need for continuing the guardianship.

CONCUR: EDMONDSON, C.J.; TAYLOR, V.C.J.; HARGRAVE, OPALA, KAUGER, WINCHESTER, COLBERT, REIF, JJ.

CONCURS IN RESULT: WATT, J.