2017 OK CIV APP 61

In the MATTER OF the GUARDIANSHIP OF Hagen Timothy MELDRUM, a Minor Child,

Amanda Meldrum, Plaintiff/Appellant,

v.

Veronica D. Meldrum, Defendant/Appellee.

Case Number: 115470

Court of Civil Appeals of Oklahoma, Division No. 2.

Decided: 08/29/2017

Mandate Issued: 11/21/2017

Carl Funderburk, FUNDERBURK & AS-SOCIATES, PLLC, Tulsa, Oklahoma, for Plaintiff/Appellant.

Gilbert J. Pilkington, Jr., PILKINGTON LAW FIRM PLLC, Tulsa, Oklahoma, for Defendant/Appellee.

Pegi A. Haddock, ASSISTANT TULSA COUNTY, PUBLIC DEFENDER, Children's Advocacy Division, Tulsa, Oklahoma, for Minor Child.

JERRY L. GOODMAN, JUDGE:

¶1 Amanda Meldrum (Grandmother) appeals a September 30, 2016, order which granted Veronica D. Meldrum's (Step-Mother) petition for guardianship and denied her cross-petition for guardianship. Based on our review of the record and applicable law, we affirm.

## BACKGROUND

¶2 The minor child, HTM, was born in 2006 to Ashley Jones and Joshua Meldrum (Father). Ashley Jones has not been a part of the minor child's life. Father subsequently married Step-Mother and two children were born of the marriage. Father, Step-Mother, HTM, and the two children lived together as a family until March of 2015, when Father and HTM left the home after a domestic violence incident between Father and Step-Mother.

¶3 Father and HTM moved in with Grandmother until July of 2015 when Father was arrested for the previous domestic violence by strangulation incident with Step-Mother. Father subsequently entered a guilty plea. In addition, Father and Step-Mother divorced and Step-Mother is the sole custodian of the parties' two biological children.

¶4 On August 3, 2015, Step-Mother filed an emergency petition for guardianship of HTM, who was still living with Grandmother. Grandmother filed a cross-petition for guardianship on August 18, 2015. After a hearing on the petitions on April 7, 2016, the trial court found the biological mother was unfit due to abandonment, that Father was unfit due to domestic violence, and that it was in the best interest of the minor child to grant Step-Mother's petition. An order was entered

on September 30, 2016, memorializing the trial court's findings. Grandmother appeals.

## STANDARD OF REVIEW

¶5 Issues of statutory construction are questions of law to be reviewed de novo, and appellate courts exercise plenary, independent, and non-deferential authority. *Welch v. Crow*, 2009 OK 20, ¶ 10, 206 P.3d 599, 603. In cases requiring statutory construction, the cardinal rule is to ascertain and give effect to the intent of the Legislature. *Id.* The words of a statute will be given a plain and ordinary meaning, unless it is contrary to the purpose and intent of the statute considered as a whole. *Naylor v. Petuskey*, 1992 OK 88, ¶ 4, 834 P.2d 439, 440. Legislative purpose and intent may be ascertained from the language in the title to a legislative enactment. *Id.*

¶6 In appointing guardians, courts are vested with sound legal discretion and their judgments will not be overturned absent an abuse of discretion. *In the Matter of the Guardianship of J.J.H.*, 2007 OK CIV APP 75, ¶ 18, 168 P.3d 243, 247 (citing *Brigman v. Cheney*, 1910 OK 316, 27 Okla. 510, 112 P. 993, syl. 1). Abuse of discretion occurs "when a court bases its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *In the Matter of the Guardianship of J.J.H.*, 2007 OK CIV APP 75, at ¶ 18, 168 P.3d at 247 (citing *Christian v. Gray*, 2003 OK 10, ¶ 43, 65 P.3d 591, 608).

## ANALYSIS

¶7 On appeal, Grandmother asserts the trial court erred in denying her petition for guardianship. Grandmother contends 43 O.S.2011 and Supp. 2014, § 112.5 lists an order of preference in the custody or guardianship of a minor child, citing the statute's title: "Custody or Guardianship—Order of Preference—Death or Judicial Removal of Parent—Preference of Child—Presumptions Regarding Best Interests of Child" and *In the Matter of the Adoption of G.F.E.G.*, 2011 OK CIV APP 3, ¶ 5 fn. 5, 246 P.3d 1115, 1116 fn. 5 (stating § 112.5 lists an order of preference). Grandmother contends that where

there are competing interests in a guardianship, both fit and proper guardians, the order of preference listed in § 112.5 should be applied.

¶8 Step-Mother disagrees, noting the Legislature struck the "order of preference" language when it amended the statute in 2009, indicating the list was not to be construed as a binding preference on a court. Step-Mother further contends the court properly determined it was in the minor child's best interest to grant her petition for guardianship, noting Grandmother has not challenged this determination.

¶9 Section 112.5 provides:

A. Custody or guardianship of a child may be awarded to:

1. A parent or to both parents jointly;

2. A grandparent;

3. A person who was indicated by the wishes of a deceased parent;

4. A relative of either parent;

5. The person in whose home the child has been living in a wholesome and stable environment including but not limited to a foster parent; or

6. Any other person deemed by the court to be suitable and able to provide adequate and proper care and guidance for the child.

¶10 The current version of § 112.5 became effective on May 21, 2009, when 10 O.S. § 21.1 was superseded and renumbered by Laws 2009, HB 2028, c. 233 § 204, emerg. eff. May 21, 2009. Previously, § 21.1 provided, in relevant part: "A. Except as otherwise provided by this section, custody should be awarded or a guardian appointed in the following **order of preference according to the best interests of the child** to: ...." (Emphasis added). Section 21.1 was held to provide a preferential order for awarding custody or appointing a guardian of a minor subject to a determination of the child's best interests. However, the order of preference was not mandatory on a trial court. See e.g., *In re Baby Girl L.*, 2002 OK 9, 51 P.3d 544 (holding the trial court was required to apply the "best interests" standard in determining custody); *In the Matter of the Guardianship of J.J.H.*, 2007 OK CIV APP 75, at ¶ 31, 168 P.3d at 250 (court is guided by the statute's

order of preference); *In re Adoption of D.D.B.*, 2004 OK CIV APP 31, ¶ 23, 87 P.3d 1112, 1118 (statutory preference is subordinate to the best interests of the child); *Matter of Application of Smith*, 1992 OK CIV APP 97, ¶ 7, 837 P.2d 929, 932 (preference order is not absolute and trial court has discretion in determining best interests of a child).

¶11 When the Legislature renumbered § 21.1 to § 112.5, it modified the language to provide: "Custody or guardianship of a child **may** be awarded to: . . . ." (Emphasis added).

> The goal of inquiry into the meaning of a statutory enactment is to ascertain and give effect to the intent of the legislature. It is presumed that the law-making body has expressed its intent in a statute's language and that it intended what it so expressed. If the meaning of a statute is plain and unambiguous, it will not be subjected to interpretation by reference to rules of judicial construction but will instead receive the effect its language dictates. Only if legislative intent cannot be ascertained from the language of a statute, as in cases of ambiguity, are rules of statutory interpretation to be invoked and employed. The determination of legislative intent controls statutory interpretation by the judiciary. When possible, different provisions must be construed together to effect a harmonious whole.

*In re BTW*, 2010 OK 69, ¶ 12, 241 P.3d 199, 205 (footnotes omitted).

¶12 Applying these settled principles, the Oklahoma Supreme Court has held that the use of the word "may" signifies permissive rather than mandatory action. See *Hess v. Excise Bd. of McCurtain Cty.*, 1985 OK 28, ¶ 7, 698 P.2d 930, 933. Considering the instant statute, we think that according the word "may" its ordinary meaning as permissive rather than mandatory neither defies logic nor defeats the statute's purpose. This result is supported by 30 O.S.2011, § 2-103(B), which provides:

> The court, in appointing a guardian for a minor, is to be guided by Section 112.5 of Title 43 of the Oklahoma Statutes.

¶13 Accordingly, the order of preference contained in § 112.5 is properly a guide for the trial court to consider in making its custody or guardianship determination. Notably, § 112.5 does not specifically require a best interest determination. However, whenever the interest of a minor child is at issue, the paramount consideration is always the best interests of the child.

¶14 In the present case, the trial court had conflicting evidence before it. For example, Grandmother testified that Step-Mother did not treat HTM as she did her two biological children, although she later testified that Step-Mother provided a good home. Step-Mother disputed Grandmother's assertions, asserting she has raised all three children the same. Step-Mother further testified HTM, whom she had raised since infancy, believed she was his mother until Father and Grandmother told him otherwise following the domestic violence incident. Grandmother further denied that Father abused Step-Mother. Step-Mother, who has a protective order for her and the children against Father, believed Grandmother had, and would, allow Father unsupervised visitation with HTM. Both parties acknowledged their relationship was tense. The evidence was further conflicting on whether Step-Mother had permitted Grandmother visitation with HTM. The trial court ultimately determined that Grandmother's testimony was contradicted by her own testimony and that of her witness. The court held it was in HTM's best interest to remain in Step-Mother's home with visitation to Grandmother.

¶15 Although the evidence in this case was contested, the trial court's conclusions are supported by the record. It has often been stated that where there is conflicting evidence on an issue of fact, the appellate court will defer to the judgment of the trial court, which is in the best position to observe the behavior and demeanor of the witnesses and to gauge credibility. *Kilpatrick v. Kilpatrick*, 2008 OK CIV APP 94, ¶ 15, 198 P.3d 406, 409 (citing *Manhart v. Manhart*, 1986 OK 12, 725 P.2d 1234); *Mueggenborg v. Walling*, 1992 OK 121, ¶ 7, 836 P.2d 112, 114. Furthermore, "the court's judgment need not

rest upon uncontradicted evidence." *Mueggenborg*, at ¶ 7, at 114. The trial court was confronted with the witnesses and was therefore in a much better position than this Court to assess the credibility of those witnesses. This Court has before it only the dry, printed words in the record. *White v. Adoption of Baby Boy D.*, 2000 OK 44, ¶ 36, 10 P.3d 212, 220 (citing *Perry v. Perry*, 1965 OK 160, ¶ 5, 408 P.2d 285, 287). Based upon the transcripts and the record, we cannot say the trial court's decision is an abuse of discretion.

¶16 Accordingly, the trial court's September 30, 2016, order granting Step-Mother's petition for guardianship is affirmed.

¶17 **AFFIRMED.**

FISCHER, P.J., and RAPP, J., concur.